IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASANDRA SALCIDO, AS NEXT FRIEND OF MINOR CHILDREN K.L. AND C.L., DENISE COLLINS, KENNETH LUCAS, AMBER LUCAS INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF KENNETH CHRISTOPHER LUCAS, DECEASED, AND DEIDRE MCCARTY, AS NEXT FRIEND OF MINOR CHILDREN K.J.L. AND T.J.L. | § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | CASE NO. 4:15-cv-02155 |
| vs. | § § | JURY DEMANDED |
| HARRIS COUNTY, TEXAS, DEPUTY DAVID GORDON, DEPUTY XAVIER LEVINGSTON, DETENTION OFFICER BRODERICK GREEN, DETENTION OFFICER ALICIA SCOTT, DETENTION OFFICER JESSE BELL, DETENTION OFFICER MORRIS THOMAS, AND DETENTION OFFICER ADAM KNEITZ, | § § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' DESIGNATION OF EXPERT WITNESSES**

COMES NOW Plaintiffs, and in accordance with the Court's Scheduling Order, hereby identify and designate the following expert witnesses, and would show as follows:

**I.     EXPERT WITNESSES**

**A.     Retained Experts**

Plaintiffs hereby designate the following retained expert witnesses.  Plaintiffs hereby incorporate the substance of the expert's written report as if specifically stated herein in support of his testimony, mental impressions, and opinions concerning the facts at issue in this case.  Further, once the following expert witnesses have given a deposition or other testimony in this case, Plaintiffs incorporate said testimony as supplemental information regarding the expert's opinions and mental impressions and the bases for those.

     1.     **Dr. Robert Cohen, M.D.**

Dr. Cohen is a licensed physician, board certified in internal medicine, and has 35 years of experience in correctional medicine. He has served as a court-appointed monitor supervising medical care provided to inmates in prisons and jails in Washington, D.C., Philadelphia, Michigan, New York, Ohio, Connecticut, and Florida. He served on the board of the National Commission on Correctional Health care for seventeen years. Prior to his retirement, he served as the medical director for Rikers Island Health Services, which provides medical and mental health care to the 13,000 prisoners in New York City jails, overseeing a staff of 500 physicians, mid-level practitioners, nurses, psychologists, social workers, pharmacists, and other medical staff.

Dr. Cohen will testify that the individual defendants were deliberately indifferent to Kenneth Lucas' serious medical needs, resulting in his death. In particular, Dr. Cohen will testify that Mr. Lucas was a person with a disability (including obesity, chronic anxiety, and hypertension). He will testify that when Mr. Lucas entered the jail, he was suffering from Xanax withdrawal, experiencing symptoms like anxiety attacks, rambling speech, agitation, delirium, and altered mental status. He will testify that immediately prior to the cell extraction, Mr. Lucas was experiencing a serious medical problem as a result of his disabilities, which required accommodation and medical care (such as treatment from a mental health professional). Dr. Cohen will testify the officers placed Mr. Lucas in a hog-tie position during the cell extraction, which are known to be dangerous in jails, especially for patients with underlying medical conditions like hypertension, anxiety, and obesity. He will testify the hog tie position forces the chest down, making it difficult for the patient to breathe, and that officers restrained Mr. Lucas in this manner until after he stopped breathing. Dr. Cohen will testify the cell extraction was not medically necessary. Dr. Cohen will testify that when Mr. Lucas was brought to the infirmary, he was not examined, and his vital signs were not taken. Dr. Cohen will testify that shortly after Mr. Lucas received a second injection of Ativan that he developed abnormal respirations, and stopped breathing. Dr. Cohen will testify that Dr. Sunder did not examine Mr. Lucas until after Mr. Lucas' death. Dr. Cohen will testify that had medical staff monitored Mr. Lucas' vital signs from the moment he entered the infirmary, that resuscitation efforts would have begun earlier, and would have been successful to save Mr. Lucas' life. He will testify that Mr. Lucas suffered multiple injuries during the cell extraction, and that Mr. Lucas experience significant pain before his death.

Dr. Cohen will testify that the care provided to Mr. Lucas by Dr. Sunder and Nurse O'Pry was far below the accepted community standard of care. Among other things, Dr. Cohen will testify that had Dr. Sunder and Nurse O'Pry monitored Mr. Lucas' vital signs, he would likely never have entered respiratory arrest and would have lived.

Dr. Cohen will testify that Mr. Lucas' death was completely preventable.

Dr. Cohen will testify as to any subject on which he has factual knowledge or is within his area of expertise, including medical care in correctional settings and internal medicine. All of Dr. Cohen's opinions will be to a reasonable degree of medical certainty.

Dr. Cohen's publications are listed in his curriculum vitae. Cases he has testified in during the past four years are listed in his report, which more fully details his opinions (and has been produced contemporaneously to the defendants).

Dr. Cohen is being compensated $450 per hour for consultation, document review, and report writing, $550 per hour for testimony in New York City (billed at seven hours without one week prior notification the deposition will be shorter), and $8,000 per day for testimony at trial (plus expenses).

Plaintiffs also refer to and incorporate the testimony of Dr. Cohen should his deposition be taken.

2.    **Dr. Kris Hall, M.D.**

Dr. Hall is a licensed physician, board certified in Urgent Care Medicine.  He graduated from LSU Medical School and is a practicing physician in the Woodlands Heights Hospital in Lufkin, Texas.

Dr. Hall's opinions are set forth in the attached report as well as his basis for those opinions. In general, Dr. Hall will testify that the officers and the medical personnel failed to timely and to properly respond to clear indications of distress of Kenneth Lucas related to increasing hypoxia.  Dr. Hall will testify that the officers' conduct when they transported and secured Mr. Lucas was a proximate cause of his hypoxia and death.  Dr. Hall will testify that medical defendants' failure to act and to act appropriately when they first saw Mr. Lucas was a proximate cause of his hypoxia and death.  As to the nature of the death, Dr. Hall will explain how hypoxia was related to Mr. Lucas' death and how the actions of the officers and inactions of the medical defendants lead to the hypoxia.

3

Dr. Hall will testify as to any subject on which he has factual knowledge or is within his area of expertise.  All of Dr. Hall's opinions will be to a reasonable degree of medical certainty.

Dr. Hall's opinions are more fully detailed in his expert report, which has been contemporaneously produced to the Defendants, along with his CV. Dr. Hall has no publications in the past ten years and has not testified as an expert in the last four years.

Dr. Hall is charging $300 per hour for his time associated with the case.

Plaintiffs also refer to and incorporate the testimony of Dr. Hall should his deposition be taken.

3. **H. David Feltoon, Ph. D.**
**8025 Chalk Knoll**
**Austin, Texas 78735**
**512-750-7164**

Dr. Feltoon is a licensed clinical psychologist, and has practiced psychology for more than forty years. He completed his Ph.D. in clinical psychology in 1973, and was licensed by the State of Texas as a psychologist in 1974 and 1975. He is a diplomate of the American Academy of Pain Management, a licensed Marriage and Family Therapist, a diplomate of the American Board of Forensic Examiners and the American Board of Forensic Medicine, and a member of the National Chronic Pain Outreach Association. He was an adjunct member of the faculty of Del Mar Colleges (1975-1978) and Texas A&M University at Corpus Christi (1978-1981). He was the director of psychology at Seaview Psychiatric Hospital from 1973-1975, and held the same position at Physicians and Surgeons Hospital from 1975 to 1977. His experience is described more fully in his C.V., which has been contemporaneously produced to the Defendants.

Dr. Feltoon's opinions will be based upon his extensive counseling experience and training; his in-person interview with and evaluation of Ms. McCatry's minor children, T.J.L. and K.J.L.; the records of T.J.L. and K.J.L.'s treating counselors; any applicable material relied upon by Defendants' experts; and any applicable opinions, testimony, or reports by Defendants' experts.

Dr. Feltoon will testify as to any subject on which he has factual knowledge or is within his area of expertise, including psychological counseling and mental ailments.

4

In addition, Dr. Feltoon will opine that K.J.L. has experienced clinical depression, weight gain, difficulty concentrating in school, insomnia, as a result of the loss of his father, and will likely continue to experience significant psychological trauma in the future. For K.J.L., Dr. Feltoon will recommend weekly counseling for at least four to six years (and perhaps throughout his life), and periodic psychiatric evaluation.

Dr. Feltoon will opine that T.J.L. suffered major depressive disorder and post traumatic stress disorder as a result of her father's death. As a result of her father's death, she was prescribed various anti-depressant medications to address her psychological injuries. She suffers from insomnia, difficulty concentrating, agitation and irritability, suicidal thoughts, alienation from her surviving family, irrational guilt, and uncontrollable crying. Dr. Feltoon will testify she will likely continue to experience these symptoms throughout her life. He will testify that she will require weekly psychotherapy for the next six to eight years.

Dr. Feltoon will opine that K.L. and C.L. (the other two children of Kenneth Lucas) are likely to be impacted significantly through out there lives due to the loss of their biological father.

Dr. Feltoon's opinions are more fully detailed in his expert report, which has been contemporaneously produced to the Defendants, along with his CV, fee schedule, and list of cases he has testified in during the past four years. Dr. Feltoon has no publications in the past ten years.

Plaintiffs also refer to and incorporate the testimony of Dr. Feltoon should his deposition be taken.

4. **Ron McAndrew**
**20390 The Granada**
**Dunnellon, Fl 34432**

Warden McAndrew is a former warden in the Florida Department of Corrections. He began his 23 years in corrections as an entry-level officer, and rose to serve as the warden of the largest prison in Florida. He became the warden of the Florida State Prison, the state's death row facility, where he oversaw executions. Following his retirement from the Florida Department of Corrections, he was hired by Orange County, Florida, to direct the Orange County Jail, one of the largest jails in the United States, with an operating budget of $110,000,000.

Warden McAndrew will testify the individual defendants used obviously excessive force which caused the death of Mr. Lucas. He will testify that officers put him in a "hog tie" position, which is well known in the correctional field to be

5

extremely dangerous (especially for people with obvious medical conditions like obesity or known conditions like hypertension). He will testify that the officers acted in accord with their training, and that this training is obviously deficient as it resulted in Mr. Lucas being placed in a dangerous hog-tie position. He will testify that any competent corrections administrator, including Sheriff Garcia, was on notice of the dangers of hog ties since at least June 2009, when the U.S. Department of Justice issued its findings letter critical of the use of force in the Harris County Jail. Warden McAndrew will testify that the individual officers' actions were callous and indifferent to Mr. Lucas' obviously serious medical need. He will testify that the County failed to accommodate Mr. Lucas in several ways, such as providing a cool down period, utilizing trained mental health providers, and not having a medical provider present during the cell extraction. He will testify that the County failed to accommodate Mr. Lucas because none of the officers' training addressed disabilities like obesity and hypertension in the context of cell extractions, though the dangers of cell extractions for the inmate would be compounded by these medical conditions.

He will testify that the jailers were obviously inadequately trained. His opinions are described in greater detail in his expert report, which has been produced contemporaneously to the Defendants.

He will respond to, or address any testimony or expected testimony by any other witness within his area of expertise.  He will testify regarding any opinion or fact or issue raised by Plaintiff's witnesses, Defendants, Defendants' employees, or Defendants' experts within his area of expertise.

Warden McAndrew is paid $200.00 per hour to consult, plus reasonable travel costs, per his fee schedule which is attached to his report.

Plaintiffs also refer to and incorporate the testimony of Mr. McAndrew should his deposition be taken.

B.    **Non-Retained Experts**

1.    **Medical Providers**

The following persons are medical providers, including physicians, technicians, nurses, radiologists, physician's assistants, healthcare providers, records custodians, clinics, hospitals and their agents, representatives and employees, where, or by whom, Plaintiffs or Kenneth Lucas received medical care and treatment. Plaintiffs identify the following health care providers as persons who may give expert testimony at the trial of this cause. To the extent it is necessary to call live at the trial of or deposition in this cause any custodian of records for any of the following health care providers, Plaintiffs identify any such custodian as a person who may have expert knowledge regarding issues related to

the incident in question, including the costs of care provided to Plaintiffs and the reasonable certainty of future medical care. The health care providers listed below are not within the control of Plaintiffs and have not been retained by Plaintiffs as expert witnesses (and therefore have not provided to Plaintiffs any specific written report other than their respective medical records); therefore, for the mental impressions held by and the opinions of and facts known by any of the following witnesses, please refer to their medical records of Plaintiff and any deposition testimony given or to be given by any such healthcare providers.

Laxman Sunder, M.D.
Carrie O'Pry
c/o Edward J. Kroger
Brian C. Campbell
3100 Weslayan, Suite 300
Houston, Texas  77027
(713) 961-7952
(713) 961-7953 – Fax

> Dr. Sunder and Nurse O'Pry treated (or failed to treat) Mr. Lucas in the jail infirmary shortly before his death. They are expected to testify consistently with their depositions, medical records they authored, and other written reports.

Diana M Sarmiento, M.D.
Mastan R Indlamuri, M.D.
Quan B Nguyen, M.D.
Dr. Griffin
London B. Johnson Hospital
5656 Kelley Street
Houston, Texas  77026
(713) 566-5100

> These providers treated Mr. Lucas at the London B. Johnson Hospital. They are expected to testify consistently with their medical records they authored, and other written reports.

Cedric K Dark, M.D.
Ben Taub Hospital
1504 Ben Taub Loop
Houston, TX 77030
(713) 873-2000

This provider treated Mr. Lucas at Ben Taub Hospital.  He is expected to testify consistently with their medical records they authored, and other written reports.


Houston Fire Department – EMS

| | |
|---|---|
| Matthew Corso | Captain |
| David Sanchez | Firefighter |
| Robert Ravizza | Captain |
| Brian Taylor | E/O |
| Matthew Corso | Captain |
| Tucker O'Briant | Firefighter |
| John Heydle | Firefighter |
| Stephen Johnson | Firefighter |
| Thomas Ramirez | Captain |

These providers treated Mr. Lucas at the Harris County Jail. They are expected to testify consistently with their medical records they authored, and other written reports.


William Gold, M.D.
Gabrielle Flores, R.N.
Stacy Mae Barton, L.V.N.
Dr. Griffin
Monica Kinch
1200 Baker St.
Houston, TX 77002
(713) 221-6000

These providers treated Mr. Lucas at the Harris County Jail. They are expected to testify consistently with their depositions, medical records they authored, and other written reports.

Ana E. Lopez, M.D.
Dwayne A. Wolf, M.D.
Harris County Institute of Forensic Sciences
1885 Old Spanish Trail
Houston, TX 77054
(713) 796-9292

Dr. Lopez and Dr. Wolf performed the autopsy on Kenneth Lucas. They can testify concerning the autopsy and damages, as well as to other subjects within their expertise. They will testify as to the cause of death, and likely pain and suffering Kenneth Lucas experienced prior to his

death. They are expected to testify consistently with the autopsy report, which concluded that Mr. Lucas died of "sudden cardiac death due to hypertensive and atherosclerotic cardiovascular disease during physical restraint." They will testify that Mr. Lucas' death was a homicide.

Anna Lopez, LCSW
Family Service Center
2200 Market St.
Galveston, TX 77550
(409) 762-8636

> This witness is expected to testify as to the reasonable and necessary costs incurred by Ms. McCarty for her children's treatment at this provider. This witness is expected to testify consistently with the billing affidavits produced in this cause. She is also expected to testify regarding her treatment described in the medical records, including that her personal knowledge of T.J.L. and K.J.L.'s mental anguish, including T.J.L.'s diagnosis with adjustment disorder with mixed anxiety and depressed mood, grief, increased appetite, difficulty sleeping, suicidal thoughts, and any other facts or opinions known to her or within her expertise.

Ana Lopez, M.D.
c/o Harris County Sheriff's Office

> This witness stated during an audio telephone conversation that she has concerns about force.

Olen Baker, M.D.
Mallory Simpson, QMHP
Kahne Girouard, QMHP
Marie Slutz, QMHP
Rachel Tolertino, QMHP
Amy McMahon, MA
Bethany Smith
Gulf Coast Center
Shearn Moody Plaza
123 Rosenberg, Suite 6
Galveston, TX 77550
(409) 944-4337

> This witness is expected to testify as to the reasonable and necessary costs incurred by Ms. McCarty for her children's treatment at this provider. This witness is expected to testify consistently with the billing affidavits

9

produced in this cause. She is also expected to testify regarding her treatment described in the medical records, including that her personal knowledge of T.J.L. and K.J.L.'s mental anguish, including T.J.L.'s diagnosis with major depressive disorder, post traumatic stress disorder, her need for prescription psychiatric medication, and any other facts or opinions known to her or within her expertise

For the subject matter on which the medical providers will testify and the general substance of their mental impressions and opinions and for a brief summary of the basis for their opinions, please refer to their respective medical records.

Plaintiff has furnished no documents, tangible things, reports, models or data compilations to any of Plaintiff's medical providers for their review, nor has Plaintiff prepared any such information for any medical provider in anticipation of their testimony.

Plaintiff does not have possession of the curriculum vitae of any relevant medical provider and has not retained any such medical provider to testify live at the trial of this cause. Therefore, if any of the relevant medical providers are produced for oral deposition, the parties may at that time subpoena any such resume from the provider.

**2.     Harris County Sheriff's Department**
1200 Baker St.
Houston, TX 77002
(713) 221-6000

Officers, Employees, Representatives, Agents, and Staff and all other custodians of record of the Harris County Sheriff's Department, including but not limited to the following:

Sheriff Adrian Garcia (ret.)
Lt. Lynnette Anderson
Sgt. Andrew Ritchie
Jesse Bell
Morris Thomas
David Gordon
Broderick Green
Adam Kneitz
Xavier Levingston
Riley Scott

These officers will provide testimony about the policies, practices, and customs of the Harris County Sheriff's Office, and the training officers receive. They are expected to testify consistently with their deposition testimony. They will testify the use of force

against Mr. Lucas was consistent with Harris County policy, practice, and training at the time of Mr. Lucas' death, and they will testify that use of hog-ties is dangerous.

**3.      United States Department of Justice**
Loretta King
950 Pennsylvania Ave, NW
Washington, DC 20530

Ms. King is an attorney with the U.S. Department of Justice who participated in the Department's investigation of the Harris County Sheriff's Department. She has knowledge and expertise of the department's policies and procedures, applicable constitutional standards, and best practices for a police department. She is expected to testify consistently the June 4, 2009 findings letter to Harris County.

C.      **Attorneys' Fees**

Jeff Edwards
Scott Medlock
EDWARDS LAW
1101 E. 11th St.
Austin, TX 78702
(512) 623-7727

The above are Plaintiffs' experts on attorneys' fees under the fee shifting provisions of 42 U.S.C. § 1988 and the ADA/Rehabilitation Act. They will testify as to the reasonableness and necessity of all attorneys' fees claimed at the close of the litigation, as well as the reasonable and customary fee claimed. Plaintiff intends to see attorneys' fees of $750/hour for Jeff Edwards, $600/hour for Scott Medlock and David Todd, $350/hour for David James, and $125/hour for work performed by legal assistants and paralegals that would otherwise be performed by attorneys. Counsel will produce detailed billing records and affidavits attesting to the reasonableness and necessity of all hours claimed after judgment, as that is typically when attorneys' fees issues are litigated. Plaintiff will produce updated billing records at any reasonable time upon request from Defense counsel. Should Plaintiff file a motion seeking attorneys' fees, a detailed reports will be produced at that time.

Larry Wilson
Ben Major
Lanier Law Firm
6810 FM 1960 West
Houston, Texas 77069
(713) 659-5200

The above are Plaintiffs' experts on attorneys' fees under the fee shifting provisions of 42 U.S.C. § 1988 and the ADA/Rehabilitation Act. They will testify as to the reasonableness and necessity of all attorneys' fees claimed at the close of the litigation, as well as the reasonable and customary fee claimed. Plaintiff intends to see attorneys' fees of $750/hour for Larry Wilson and Kevin Parker, $600/hour for Ben Major and Natalie Armour and $125/hour for work performed by legal assistants and paralegals that would otherwise be performed by attorneys. Counsel will produce detailed billing records and affidavits attesting to the reasonableness and necessity of all hours claimed after judgment, as that is typically when attorneys' fees issues are litigated. Plaintiff will produce updated billing records at any reasonable time upon request from Defense counsel. Should Plaintiff file a motion seeking attorneys' fees, a detailed reports will be produced at that time.

> Roy Smith
> Jay Goins
> 2616 South Loop West, Suite 670
> Houston, Texas  77054
> (713) 759-9266 Office
> (713) 759-9412 Facsimile

The above are Plaintiffs' experts on attorneys' fees under the fee shifting provisions of 42 U.S.C. § 1988 and the ADA/Rehabilitation Act. They will testify as to the reasonableness and necessity of all attorneys' fees claimed at the close of the litigation, as well as the reasonable and customary fee claimed. Plaintiff intends to see attorneys' fees of $750/hour for Roy Smith, $600/hour for Jay Goins and $125/hour for work performed by legal assistants and paralegals that would otherwise be performed by attorneys. Counsel will produce detailed billing records and affidavits attesting to the reasonableness and necessity of all hours claimed after judgment, as that is typically when attorneys' fees issues are litigated. Plaintiff will produce updated billing records at any reasonable time upon request from Defense counsel. Should Plaintiff file a motion seeking attorneys' fees, a detailed reports will be produced at that time.

D.     Plaintiffs reserve the right to elicit, by way of cross-examination, opinion testimony from experts designated or to be designated and called by other parties to the suit. Plaintiffs also reserve the right to elicit, by way of cross-examination, opinion testimony from Defendants and their employees. Plaintiffs express their intention to possibly call, as witnesses associated with adverse parties, any of Defendants' experts. Plaintiffs do not have any control over any such witness to be named by Defendants, nor do they have any superior right to ascertain the subject matter on which any such witness may testify and/or opinions held by any such witness, beyond the information disclosed in deposition testimony and/or by Defendants' discovery responses. In that regard, Plaintiffs refer Defendants to Defendants' discovery documents, deposition testimony, and documents

produced by Defendants for the subject matter, facts known, and opinions and impressions of these witnesses. Plaintiff reserves the right to obtain opinion testimony from any such witness within their area of expertise or related to this case, including andy of the named Defendants as well as Plaintiffs and Mr. Lucas' medical providers.

E.      Plaintiffs reserve the right to call undesignated rebuttal expert witnesses, whose testimony cannot reasonably be foreseen until the presentation of the evidence against the Plaintiffs.

F.      Plaintiffs reserve the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to redesignate same as a consulting expert, who cannot be called by opposing counsel.

G.      Plaintiffs reserve the right to supplement this designation with additional designations of experts within the time limits imposed by the Court or any alterations of same by subsequent Court Order or agreement of the parties, or pursuant to the Texas Rules of Civil Procedure.

H.      Plaintiffs reserve the right to elicit any lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, and which would not violate any existing Federal Rule of Civil Procedure or Federal Rule of Evidence. Specifically, Plaintiffs reserve the right to elicit such testimony from persons with knowledge of relevant facts who have been identified in response to discovery propounded to Plaintiffs.

I.      Plaintiffs reserves all additional rights they have with regard to experts pursuant to the Federal of Civil Procedure, the Federal Rules of Evidence, the case law construing same, and the rulings of the trial court.

J.      Plaintiffs name all of those persons identified as having knowledge of relevant facts whose training and background enables them to testify as experts and who may be called as experts by any of the parties to this litigation. Furthermore, Plaintiffs adopt the designation of experts of Defendants to this litigation, without necessarily adopting their opinions or validating their qualifications as experts.

K.      Plaintiffs reserves the right to call former and current employees and/or representatives of Defendants as they are identified in discovery.

Respectfully submitted,

THE LANIER LAW FIRM, P.C.

By: /s/ Lawrence P. Wilson
      W. MARK LANIER
      State Bar No.: 11934600
      S.D. Tex. No. 8461
      wml@lanierlawfirm.com
      Lawrence P. Wilson
      State Bar No.: 21704100
      S.D. Tex. No. 9217
      larry.wilson@lanierlawfirm.com
      Benjamin T. Major
      State Bar No.: 24074639
      S.D. Tex. No. 1503277
      benjamin.major@lanierlawfirm.com
      6810 FM 1960 West
      Houston, Texas 77069
      Telephone: (713) 659-5200
      Telecopier: (713) 659-2204

*Attorneys in Charge for Plaintiffs Denise Collins, Kenneth Lucas, and Casandra Salcido, as Next Friend of Minor Children K.L. and C.L.*

EDWARDS LAW

      The Haehnel Building
      1101 E. 11th Street
      Austin, Texas 78702
      Tel.   512-623-7727
      Fax.   512-623-7729

By:   /s/ Jeff Edwards
      JEFF EDWARDS
      State Bar No. 24014406
      jeff@edwards-law.com
      SCOTT MEDLOCK
      State Bar No. 24044783
      scott@edwards-law.com

*Attorneys in Charge for Plaintiff Deidra McCarty, as Friend of Minor Children K.J.L. and T.J.L*

ROY W. SMITH
Attorney at Law

> 2616 South Loop West, Suite 670
> Houston, Texas  77054
> (713) 759-9266 Office
> (713) 759-9412 Facsimile

By:    /s/ Roy W. Smith
        Roy W. Smith
        State Bar No. 181681500
        roy.w.smith@live.com

*Attorney in Charge for Plaintiff Amber Lucas Individually and In Her Capacity as Representative of the Estate of Kenneth Christopher Lucas, Deceased.*

15

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2017, a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on the following:

Jeff Edwards
State Bar No. 24014406
jeff@edwards-law.com
Scott Medlock
State Bar No. 24044783
scott@edwards-law.com
EDWARDS LAW
The Haehnel Building
1101 E. 11th Street
Austin, Texas 78702
(512) 623-7727
(512) 623-7729 – Fax
*Attorneys in Charge for Plaintiff*
*Deidra McCarty, as Friend of Minor*
*Children K.J.L. and T.J.L*

Roy W. Smith
State Bar No. 181681500
roy.w.smith@live.com
Mickel Newton
State Bar No. 24076156
mikenewtonjrlaw@aol.com
Attorneys at Law
2616 South Loop West, Suite 670
Houston, Texas 77054
(713) 759-9266
(713) 759-9412 – Fax
*Attorney in Charge for Plaintiff*
*Amber Lucas Individually and*
*In Her Capacity as*
*Representative of the Estate of*
*Kenneth Christopher Lucas,*
*Deceased.*

Edward J. Kroger
State Bar No. 11729700
Federal ID No. 14585
kroger@krogerlaw.com
Brian C. Campbell
State Bar No. 24072020
campbell@krogerlaw.com

Vince Ryan
Harris County Attorney
Laura Beckman Hedge
Assistant County Attorney
State Bar No. 11373900
Federal ID No. 12524
laura.hedge@cao.hctx.net
Keith A. Toler
Assistant County Attorney
State Bar No. 24088541
Federal ID No. 2599245
keith.toler@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5137
(713) 755-8924 – Fax
*Attorneys for Defendant,*
*Harris County*

Mary E. Baker
State Bar No. 08534000
mary.baker@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5133
(713) 755-8924 – Fax
*Attorney for Defendants,*
*Deputy Alicia Scott and Deputy David Gordon*

F. Clinton Gambill, II
clinton.gambill@cao.hctx.net
State Bar No. 07601700
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5136
(713) 755-8924 – Fax
*Attorney for Defendants,*
*Deputy Xavier Levingston, Officer Broderick*
*Green, Officer Jesse Bell, Officer Morris*
*Thomas, and Officer Adam Kneitz*

16

3100 Weslayan, Suite 300
Houston, Texas  77027
(713) 961-7952
(713) 961-7953 – Fax
*Attorneys for Defendants,*
*Laxman Sunder and Carrie O'Pry*

/s/ Lawrence P. Wilson
Lawrence P. Wilson