IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASANDRA SALCIDO, AS NEXT FRIEND OF MINOR CHILDREN K.L. AND C.L., DENISE COLLINS, KENNETH LUCAS, AMBER LUCAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF KENNETH CHRISTOPHER LUCAS, DECEASED, AND DEIDRE MCCARTY, AS NEXT FRIEND OF MINOR CHILDREN, K.J.L AND T.J.L., *Plaintiffs,* | § § § § § § § § § § § § | |
| V. | § § § | CIVIL ACTION NO. 4:15-CV-02155 JURY DEMAND |
| HARRIS COUNTY, TEXAS, DEPUTY DAVID GORDAN, DEPUTY XAVIER LEVINGSTON, DETENTION OFFICER BRODERICK GREEN, DETENTION OFFICER ALICIA SCOTT, DETENTION OFFICER JESSE BELL, DETENTION OFFICER MORRIS THOMAS, AND DETENTION OFFICER ADAM KNEITZ, *Defendants.* | § § § § § § § § § § § § | |

**DEFENDANT HARRIS COUNTY, TEXAS'S DESIGNATION OF EXPERTS**

Defendant Harris County, Texas, now designates the following persons as expert witnesses who may be called to testify at the trial of the above cause:

1

# I.
## RETAINED EXPERTS

1.   Dr. Tom S. Neuman, MD, FACP, FACPM, FUHM
     Emeritus Professor of Medicine
     University of California at San Diego, School of Medicine
     200 West Arbor Drive
     San Diego, California 92103-8676
     (619) 543-6463

Dr. Neuman will testify, pursuant to Federal Rules of Evidence ("FRE") 702, 703, and 705 about the death of Kenneth Christopher Lucas ("Mr. Lucas") on February 17, 2014, including, but not limited to, his opinion based on the information provided and to a reasonable degree of medical certainty that asphyxia did not cause or contribute to Mr. Lucas's death, that Mr. Lucas's death was instead caused by his agitated state in association with an enlarged heart, left ventricular hypertrophy, moderate to severe coronary artery disease, perivascular fibrosis, acute renal failure, and severe exertion, that Mr. Lucas died of acute cardiac death, and that Mr. Lucas's death may have also been caused by a true myocardial infarction. Dr. Neuman will also testify to the other matters more specifically identified in his report. A copy of Dr. Neuman's expert report, curriculum vitae, a list of the cases in which he has previously testified, and his compensation are attached hereto.

2.   Dr. Binh T. Ly, MD
     Department of Emergency Medicine
     Professor of Emergency Medicine
     Vice Chair of Education
     Director of Emergency Medicine Residency Program
     University of California at San Diego Medical Center
     200 West Arbor Drive
     San Diego, California 92103-8676

Dr. Binh Ly is a retained expert who will testify, pursuant to Federal Rules of Evidence ("FRE") 702, 703, and 705 about the death of Kenneth Christopher Lucas ("Mr. Lucas") on February 17, 2014, including, but not limited to, his opinion based on the information provided that to a reasonable degree of medical certainty Mr. Lucas was not suffering benzodiazepine withdrawal on February 17, 2014, that his sudden unconsciousness was indicative of a primary cardiac event rather than respiratory, and that his existing hypertensive and cardiovascular disease enhanced his risk of sudden cardiac death. Dr. Ly will also testify to the other matters more specifically identified in his report. A copy of Dr. Ly's expert report, curriculum vitae, a list of the cases in which he has previously testified, and his compensation are attached hereto.

3.   Dr. Joseph V. Penn, MD, CCHP, FAPA
     Diplomate, American Board of Psychiatry and Neurology
     Board Certified in General and Forensic Psychiatry
     Board Eligible in Child and Adolescent Psychiatry
     University of Texas Medical Branch

      Correctional Managed Care
      Mental Health Services
      200 River Pointe Drive, Suite 200
      Conroe, Texas 77304
      (936) 494-4183

Dr. Joseph Penn is a retained expert who will testify, pursuant to FRE 702, 703, and 705 about Mr. Lucas's psychiatric and mental-health history preceding his February 17, 2014 death, the mental-health services provided to Mr. Lucas while incarcerated in the Harris County jail in February 2014, and the mental health issues, if any, experienced by the minor-children Plaintiffs, including but not limited to his opinion based on the information provided that to a reasonable degree of medical certainty Harris County correctional, medical, and mental-health staff were aware of Mr. Lucas's anxiety and possible Xanax use, that Mr. Lucas was provided timely and appropriate medical and mental-health evaluation and treatment, that the Detention Command Containment Team transported Mr. Lucas to the clinic when necessary for further evaluation, monitoring, and treatment planning, that HCSO provided reasonable accommodations, that the medical, mental-health, nursing, and psychiatric care provided by HCSO to Mr. Lucas was appropriate and exceeded the community and correctional standard of care, and that Mr. Lucas's death was not the result of any breach of standard of care or deliberate indifference or failure to accommodate Mr. Lucas. Dr. Penn will also testify that the HCSO training, policies, and procedures were appropriate. Dr. Penn will further testify regarding the psychiatric and mental-health issues, if any, experienced by the minor children, T.J.L., K.J.L., C.L., and K.L., who are parties to this lawsuit, as a result of their father's death. Dr. Penn requests an opportunity to conduct his own mental-health and/or psychiatric examination, as the only information provided is the subjective observations of Plaintiffs' expert, Dr. Feltoon. Dr. Penn will also testify to the other matters more specifically identified in his report. A copy of Dr. Penn's expert report, curriculum vitae, a list of the cases in which he has previously testified, and his compensation are attached hereto.

4.     Dr. John Peters Jr., Ph.D., CLS, CTC
      209 South Stephanie Street, Suite B249
      Henderson, Nevada 89012
      (717) 538-5940

Dr. John Peters Jr. is a retained expert who will testify, pursuant to FRE 702, 703, and 705 regarding Harris County Sheriff's Office ("HCSO") training standards, use-of-force standards, restraint practices, and related issues, including but not limited to Harris County and HCSO properly trained their correctional staff according to State of Texas and other generally accepted law enforcement standards, Harris County and the Harris County Sheriff met and exceeded national standards, recommendations, and guidelines for the development of use-of-force policies, HCSO policies and procedures met and/or exceeded national standards, Harris County and HCSO prohibited hog tying, and Mr. Lucas was not hogtied at any time on February 17, 2017. Dr. Peters will also testify to the other matters more specifically identified in his report. A copy of Dr. Peters's expert report, curriculum vitae, a list of the cases in which he has previously testified, and his compensation are attached hereto.

5. Dr. Esmaeil Porsa, MD, MPH, MBA Candidate (Dec. 2017), CCHP-P, CCHP-A
Executive Vice President and Chief Strategy and Integration Officer
Parkland Health and Hospital System
5201 Harry Hines Boulevard
Dallas, Texas 75235-7746
(214) 590-1282

Dr. Esmaeil Porsa is a retained expert who will testify, pursuant to FRE 702, 703, and 705 regarding the medical staff's actions when Mr. Lucas was brought to the medical clinic during the incident made the basis of this lawsuit and the propriety of transporting Mr. Lucas in a prone position. Dr. Porsa will also testify to the other matters more specifically identified in his report. A copy of Dr. Porsa's expert report, curriculum vitae, a list of the cases in which he has previously testified, and his compensation are attached hereto.

6. Mr. Gary Pinkerton
Smith County Pretrial Release & Personal Bond Office, Director
14361 Willscott Drive
Tyler, Texas 75703
(903) 360-8913

Mr. Gary Pinkerton is a retained expert who will testify, pursuant to FRE 702, 703, and 705 regarding the restraint and transport techniques used during the February 17, 2017, incident made the basis of this lawsuit (the "incident"), including but not limited to causes of non-lethal injuries Mr. Lucas sustained during the incident, the reason necessitating his removal from the cell, the correctional staff's appropriate, permissible, and reasonable use of force against and transportation of the combative Mr. Lucas, that Mr. Lucas was not hogtied during the incident, that correctional officers followed Harris County policy during the cell extraction and transportation of Mr. Lucas, how Mr. Lucas's actions contradicted his words that he could not breathe, training of HCSO officers that meets and exceeds Texas Commission on Law Enforcement and other State of Texas requirements, the HCSO correctional staff's numerous attempts to resolve the situation without using force, and HCSO jail compliance with the Texas Commission on Jail Standards. Mr. Pinkerton will also testify to the other matters more specifically identified in his report. A copy of Mr. Pinkerton's expert report, curriculum vitae, a list of the cases in which he has previously testified, and his compensation are attached hereto.

7. Jay Aldis
Bracewell LLP, Partner
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
(713) 221-1381

Jay Aldis is a retained expert who will testify regarding the reasonableness and necessity of the attorneys' fees sought by all parties in this case, if any, and related issues. Mr. Aldis's testimony will be based upon his knowledge and experience as a licensed and practicing attorney in Houston, Harris County, Texas, where he has practiced for approximately twenty-five (25) years. Mr. Aldis has not yet produced an expert report as the information regarding the attorneys'

4

fees sought by Defendants is not yet available.  A copy of Mr. Aldis' curriculum vitae, a list of the cases in which he has previously testified, and his compensation as an expert are attached hereto.

## II.
### NON-RETAINED EXPERTS

8.   Captain Jay Coons
     Harris County Sheriff's Office
     1200 Baker Street
     Houston, Texas  77002
     (713) 755-6044

Captain Coons will testify, pursuant to Federal Rules of Evidence ("FRE") 702, 703, and 705, about the law enforcement issues involved in the contact between the sheriff deputies and detention officers and Kenneth Lucas on February 17, 2014, including, but not limited to, the facts and circumstances surrounding their obligation and activation to respond to a disturbance in the Harris County Jail, their attempt to restrain and subdue Mr. Lucas, and the national standards on which police officers are trained in the use of force.  Captain Coons will testify about the policies and procedures of the Harris County Sheriff's Office, the deputy's training, policies and procedures with regard to the handling of a call of this nature, specifically their training in the Detention Bureau Containment Team School, and other law enforcement matters relating to the incident on which this lawsuit is based.  Each of Captain Coons' opinions is set forth in the Preliminary Report of Jay O. Coons, Ph.D., which is produced in accordance with the Scheduling Order entered in this cause.  A copy of Captain Coons' expert report, curriculum vitae, a list of the cases in which he has previously testified, and his compensation are attached to individual Defendants' designation of expert witnesses.

Harris County incorporates by reference as if fully set forth herein each of the experts designated by any other co-Defendant in this case.

## III.
### PERSONS WITH KNOWLEDGE OF FACTS RELEVANT TO THIS LAWSUIT
### WHO MAY PROVIDE EXPERT TESTIMONY

The individuals who are listed below are not retained, but may provide expert testimony in the course of providing testimony regarding their knowledge of facts relevant to this lawsuit. This list is given in an abundance of caution, and subject to change as the case progresses.

The following individuals have personal knowledge regarding events and work history related to the Plaintiffs' claims in this lawsuit and can be contacted through Mary E. Baker, Senior Assistant County Attorney, 1019 Congress, 15th Floor, Houston, TX 77002; 713-274-5133; FAX 713-755-8924:

Deputy David Gordon

Detention Officer Riley Scott (f/k/a Alicia Scott)

The following individuals have personal knowledge regarding events and work history related to the Plaintiffs' claims in this lawsuit and can be contacted through Laura Hedge and Keith Toler, Assistant County Attorneys, 1019 Congress, 15th Floor, Houston, TX 77002; 713-274-5101; FAX 713-755-8924:

Deputy Joseph Jameson

Detention Lieutenant Lynette Anderson

Detention Officer Jamail Johnson

Detention Officer Choyce Davis

Detention Officer R. Berrios

Detention Officer J. Lerma

Sgt. L. Fisher

Sgt. G. Hardage

Sgt. D. Ritchie

Sgt. Robert Spurgeon

Sgt. Francisco Garcia

Deputy J. Jameson

Deputy G. Clayton

Deputy David Valverde

Deputy James Hulme

Deputy Christopher Cooke

Deputy John Black

Captain R. Nelson

Dr. Laxrnan Sundar

Nurse Opry

Dr. Dark

Nurse Ella Buchanan

Lt. Jorge Gonzalez

Detention Lt. Lester Bourgeois

The following individuals have personal knowledge regarding events and work history related to the Plaintiffs' claims in this lawsuit and can be contacted through F. Clinton Gambill, II, Senior Assistant County Attorney, 1019 Congress, 15th Floor, Houston, TX 77002; 713-274-5136; FAX 713-755-8924:

Deputy Xavier Levingston

Detention Officer Broderick Green

Detention Officer Jesse Bell

Detention Officer Morris Thomas

Detention Officer Adam Kneitz

## IV.
### CROSS-DESIGNATION OF WITNESSES

Harris County hereby cross-designates and states it may call any expert witness identified or designated by Plaintiff and/or co-Defendants, subject to any objections Defendants may make concerning the designation of those expert witnesses, including, but not limited to, his or her qualifications.

## V.
### CROSS-EXAMINATION

Harris County reserves the right to elicit, by way of cross-examination, opinion testimony from experts designated and called by all other parties to this suit. Harris County may also call, as a witness associated with other parties, any expert witness of any party who may be added to this lawsuit.

## VI.
### RIGHT TO WITHDRAW DESIGNATION OF ANY EXPERT

Harris County reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## VII.
### RIGHT TO ELICIT ANY EXPERT OPINION OR LAY OPINION TESTIMONY

Harris County reserves the right to elicit any expert opinion or lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, and which would not violate of any existing court order or the Federal Rules of Evidence.

## VIII.
### DESIGNATION OF ADVERSE PARTIES

Harris County hereby designates, as adverse parties, potentially adverse parties, and/or as witnesses associated with adverse parties, all parties to this suit and all experts designated by any party to this suit, even if the designated party is not a party to the suit at the time of trial.  In the event a present or future party designates an expert, but is subsequently dismissed for any reason from the suit or fails to call any designated expert, Harris County reserves the right to designate and/or call any such party or any such experts previously designated by any party.

## IX.
### RESERVATION OF ADDITIONAL RIGHTS

Harris County reserves whatever additional rights it may have with regard to experts, pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the case law construing same, and the rulings of the trial court, including, but not limited to, the right to designate rebuttal experts.

## X.
### RESERVATION OF RIGHT TO SUPPLEMENT DESIGNATION

Harris County reserves the right to supplement this designation with additional designations of experts within any time limits imposed by the Court or any alterations of same by

subsequent court order or agreement of the parties pursuant to the Federal Rules of Civil Procedure and/or Federal Rules of Evidence.

>Respectfully submitted,
>
>By: */s/ Laura Beckman Hedge*
>
>LAURA BECKMAN HEDGE
>Assistant County Attorney
>**Attorney-in-Charge**
>Texas Bar No. 11373900
>Southern District of Texas No. 12524
>Harris County Attorney's Office
>1019 Congress, 15th Floor
>Houston, Texas 77002
>Phone: (713) 274-5265
>Fax: (713) 755-8924
>Email: Laura.Hedge@cao.hctx.net
>
>**OF COUNSEL:**
>
>VINCE RYAN
>Harris County Attorney
>
>KEITH A. TOLER
>Assistant County Attorney
>Texas Bar No. 24088541
>Southern District of Texas No. 2599245
>Harris County Attorney's Office
>1019 Congress, 15th Floor
>Houston, Texas 77002
>Phone: (713) 274-5265
>Fax: (713) 755-8924
>Email: Keith.Toler@cao.hctx.net
>
>**ATTORNEYS FOR DEFENDANT
>HARRIS COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2017, I electronically filed the foregoing Defendant Harris County, Texas's designation of expert witnesses on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following parties' counsel:

| **Plaintiffs' Counsel** | **Co-Defendants' Counsel** |
|---|---|
| W. Mark Lanier | F. Clinton Gambill, II |
| Lawrence P. Wilson | Mary E. Baker |
| Benjamin T. Major | Harris County Attorney's Office |
| The Lanier Law Firm | 1019 Congress, 15th Floor |
| 6810 FM 1960 West | Houston, Texas 77002 |
| Houston, Texas 77069 | |
| | Edward John Kroger |
| Jeffrey S. Edwards | Brian Campbell |
| Scott Medlock | Kroger Burrus |
| The Edwards Law Firm | 3100 Weslayan, Suite 300 |
| 1101 East 11th Street | Houston, Texas 77027 |
| Austin, Texas 78702 | |
| | |
| Roy W. Smith | |
| Jonathan D. Goins | |
| 2616 South Loop West, Suite 670 | |
| Houston, Texas 77054 | |

By: */s/ Keith A. Toler*
**Keith A. Toler**
Assistant County Attorney