# EXHIBIT
# 35

## UNIT 19
## LEGAL ASPECT OF USE OF FORCE

19.1   **Functional Area**:  The student will be able to summarize legal aspects of using force.

19.1.1  **Learning Objective:**  The student will be to define force.

    A.  Definition of force - an aggressive act committed by any person, which does not amount to an assault and is necessary to accomplish one's objective.

19.1.2  **Learning Objective:**  The student will be able to discuss legal use of force for jailers according to Texas statutes.

    A.  Duty to prevent escape - CCP 2.18:   When a prisoner is committed to jail by warrant from a magistrate or court, he shall be placed in jail by the sheriff. It is a violation of duty on the part of any sheriff to permit a defendant so committed to remain out of jail, except that he may, when a defendant is committed for want of bail, or when he arrests in a bailable case, give the person arrested a reasonable time to procure bail; but he shall so guard the accused as to prevent escape.

    B.  May use reasonable means necessary to secure detention of the accused - CCP 15.24**:**  In making an arrest, all reasonable means are permitted to be used to affect it. No greater force, however, shall be resorted to than is necessary to secure the arrest and detention of the accused.

    C.  Define custody – PC 38.01(l):   In this chapter:  1. "Custody" means:  (a) under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court of this state or another state of the United States; or  (b) under restraint by an agent or employee of a facility that is operated by or under contract with the United States and that confines persons arrested for, charged with, or convicted of criminal offenses.

    D.  Define escape - PC 38.01(2):   In this chapter:  2. "Escape" means unauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period or leave that is part of an intermittent sentence, but does not include a violation of conditions of community supervision or parole other than conditions that impose a period of confinement in a secure correctional facility.

    E.  Define force:  An aggressive act committed by any person, which does not amount to an assault and is necessary to accomplish one's objective.

    F.  Define deadly force - PC 9.01(3):   In this chapter:        "Deadly force" means force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury.

    G.  Self-Defense - PC 9.31:   (a) Except as provided in Subsection (b), a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force; (b) The use of force against another is not justified: (1) in response to verbal provocation alone; (2) to resist an arrest or search that the actor knows is being made by a peace officer, or by a person acting in a peace

## UNIT 19
## LEGAL ASPECT OF USE OF FORCE

officer's presence and at his direction, even though the arrest or search is unlawful, unless the resistance is justified under Subsection (c); (3) if the actor consented to the exact force used or attempted by the other; (4) if the actor provoked the other's use or attempted use of unlawful force, unless: (A) the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and (B) the other nevertheless continues or attempts to use unlawful force against the actor; or (5) if the actor sought an explanation from or discussion with the other person concerning the actor's differences with the other person while the actor was: (A) carrying a weapon in violation of Section 46.02; or (B) possessing or transporting a weapon in violation of Section 46.05. (c) The use of force to resist an arrest or search is justified: (1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and (2) when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's (or other person's) use or attempted use of greater force than necessary. (d) The use of deadly force is not justified under this subchapter except as provided in Sections 9.32, 9.33, and 9.34.

H. <u>Arrest and Search - PC 9.51</u>:   (a) A peace officer, or a person acting in a peace officer's presence and at his direction, is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to make or assist in making an arrest or search, or to prevent or assist in preventing escape after arrest, if: (1) the actor reasonably believes the arrest or search is lawful or, if the arrest or search is made under a warrant, he reasonably believes the warrant is valid; and (2) before using force, the actor manifests his purpose to arrest or search and identifies himself as a peace officer or as one acting at a peace officer's direction, unless he reasonably believes his purpose and identity are already known by or cannot reasonably be made known to the person to be arrested.  (b) A person other than a peace officer (or one acting at his direction) is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to make or assist in making a lawful arrest, or to prevent or assist in preventing escape after lawful arrest if, before using force, the actor manifests his purpose to and the reason for the arrest or reasonably believes his purpose and the reason are already known by or cannot reasonably be made known to the person to be arrested.  (c) A peace officer is justified in using deadly force against another when and to the degree the peace officer reasonably believes the deadly force is immediately necessary to make an arrest, or to prevent escape after arrest, if the use of force would have been justified under Subsection (a) and: (1) the actor reasonably believes the conduct for which arrest is authorized included the use or attempted use of deadly force; or (2) the actor reasonably believes there is a substantial risk that the person to be arrested will cause death or serious bodily injury to the actor or another if the arrest is delayed.  (d) A person other than a peace officer acting in a peace officer's presence and at his direction is justified in using deadly force against another when and to the degree the person reasonably believes the deadly force is immediately necessary to make a lawful arrest, or to prevent escape after a lawful arrest, if the use of force would have been justified under Subsection (b) and:  (1) the actor reasonably believes the felony or offense against the public peace for which

# UNIT 19
# LEGAL ASPECT OF USE OF FORCE

arrest is authorized included the use or attempted use of deadly force; or   (2) the actor reasonably believes there is a substantial risk that the person to be arrested will cause death or serious bodily injury to another if the arrest is delayed.  (e) There is no duty to retreat before using deadly force justified by Subsection (c) or (d).   (f) Nothing in this section relating to the actor's manifestation of purpose or identity shall be construed as conflicting with any other law relating to the issuance, service, and execution of an arrest or search warrant either under the laws of this state or the United States.  (g) Deadly force may only be used under the circumstances enumerated in Subsections (c) and (d).

> **Note to Instructor:**  The above reference is to "peace officer," not "correctional Officer."

I. <u>Prevention of Escape From Custody - PC 9.52</u>**:**  The use of force to prevent the escape of an arrested person from custody is justifiable when the force could have been employed to effect the arrest under which the person is in custody, except that a guard employed by a correctional facility or a peace officer is justified in using any force, including deadly force, that he reasonably believes to be immediately necessary to prevent the escape of a person from the correctional facility.

J. <u>Maintaining Security in a Penal Institution - PC 9.53</u>**:**  An officer or employee of a correctional facility is justified in using force against a person in custody when and to the degree the officer or employee reasonably believes the force is necessary to maintain the security of the correctional facility, the safety or security of other persons in custody or employed by the correctional facility, or his own safety or security.

K. <u>Justification as a defense – PC 9.02</u>:  It is a defense to prosecution that the conduct in question is justified under this chapter.

L. <u>Confinement as Justifiable Force – PC 9.03</u>:  Confinement is justified when force is justified, if the actor takes reasonable measures to terminate the confinement as soon as he knows he safely can unless the person confined has been arrested for an offense.

M. <u>Threats as Justifiable Force – PC 9.04</u>:  The threat of force is justified when the use of force is justified by this Chapter.  For purposes of this section, a threat to cause death or serious bodily injury by the production of a weapon or otherwise, as long as the actor's purpose is limited to creating an apprehension that he will use deadly force if necessary, does not constitute the use of deadly force.

N. <u>Necessity – PC 9.22</u>:  Conduct is justified if:  (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

# UNIT 19
# LEGAL ASPECT OF USE OF FORCE

O. Deadly Force in Defense of Person – PC 9.32:   (a) A person is justified in using deadly force against another: (1) if he would be justified in using force against the other under Section 9.31; (2) if a reasonable person in the actor's situation would not have retreated; and (3) when and to the degree he reasonably believes the deadly force is immediately necessary: a) to protect himself against the other's use or attempted use of unlawful deadly force; or b) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.  (b) The requirement imposed by Subsection (a)(2) does not apply to an actor who uses force against a person who is at the time of the use of force committing an offense of unlawful entry in the habitation of the actor.

P. Defense of Third Person – PC 9.33:   A person is justified in using force or deadly force against another to protect a third person if:  (a) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and  (b) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

Q. Protection of Life or Health – PC 9.34:   (a) A person is justified in using force, but not deadly force, against another when and to the degree he reasonably believes the force is immediately necessary to prevent the other from committing suicide or inflicting serious bodily injury to himself.   (b) A person is justified in using both force and deadly force against another when and to the degree he reasonably believes the force or deadly force is immediately necessary to reserve the other's life in an emergency.

R. Unlawful Carrying of Weapons – PC 46.02:   (a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.  (b) Except as provided by Subsection (c), an offense under this section is a Class A misdemeanor. (c) An offense under this section is a felony of the third degree if the offense is committed on any premises licensed or issued a permit by this state for the sale of alcoholic beverages

Unlawful Carrying of Weapons – PC 46.03:   (a) A person commits an offense if the person intentionally, knowingly, or recklessly possesses or goes with  (1) on the physical premises of a school or educational institution, any grounds or building on which an activity sponsored by a school or educational institution is being conducted, or a passenger transportation vehicle of a school or educational institution, whether the school or educational institution is public or private, unless pursuant to written regulations or written authorization of the institution;  (2) on the premises of a polling place on the day of an election or while early voting is in progress;  (3) in any government court or offices utilized by the court, unless pursuant to written regulations or written authorization of the court;   (4) on the premises of a racetrack; (5) in or into a secured area of an airport; or   (6) within 1,000 feet of premises the location of which is designated by the Texas Department of Criminal Justice as a place of execution under Article 43.19, Code of Criminal Procedure, on a day that a sentence of death is set to be imposed on the designated premises and the person received notice that:   (A) going within 1,000 feet of the premises with a weapon listed under this subsection was prohibited; or  (B)

**UNIT 19**
**LEGAL ASPECT OF USE OF FORCE**

possessing a weapon listed under this subsection within 1,000 feet of the premises was prohibited.  (b) It is a defense to prosecution under Subsections (a)(1)-(4) that the actor possessed a firearm while in the actual discharge of his official duties as a member of the armed forces or national guard or a guard employed by a penal institution, or an officer of the court.  (c) In this section:  "Premises" has the meaning assigned by Section 46.035.  "Secured area" means an area of an airport terminal building to   which access is controlled by the inspection of persons and property under federal law.  (d) It is a defense to prosecution under Subsection (a)(5) that the actor possessed a firearm or club while traveling to or from the actor's place of assignment or in the actual discharge of duties as:  (1) a member of the armed forces or national guard;  (2) a guard employed by a penal institution; or  (3) a security officer commissioned by the Texas Board of Private Investigators and Private Security Agencies if:(A) the actor is wearing a distinctive uniform; and  (B) the firearm or club is in plain view; or  (4) Deleted by Acts 1995, 74th Leg., ch. 318, § 17, eff. Sept. 1, 1995.  (5) a security officer who holds a personal protection authorization under the Private Investigators and Private Security Agencies Act (Article 4413(29bb), Vernon's Texas Civil Statutes).  (e) It is a defense to prosecution under Subsection (a)(5) that the actor checked all firearms as baggage in accordance with federal or state law or regulations before entering a secured area.  (f) It is not a defense to prosecution under this section that the actor possessed a handgun and was licensed to carry a concealed handgun under Subchapter H, Chapter 411, Government Code.  (g) An offense under this section is a third degree felony.  (h) It is a defense to prosecution under Subsection (a)(4) that the actor possessed a firearm or club while traveling to or from the actor's place of assignment or in the actual discharge of duties as a security officer commissioned by the Texas Board of Private Investigators and Private Security Agencies, if:  (1) the actor is wearing a distinctive uniform; and  (2) the firearm or club is in plain view.  (i) It is an exception to the application of Subsection (a)(6) that the actor possessed a firearm or club:  (1) while in a vehicle being driven on a public road; or   (2) at the actor's residence or place of employment.

19.1.3  **Learning Objective:**  The student will be able identify the use of force options.

A.  Force options

1.  **Command presence** – an officer's mere position of legal authority initiates inmates' cooperation.  Consists of routine supervision and an acceptance of authority by the inmates.

2.  **Verbal/non-verbal communications** – officers must be able to effectively communicate, especially under stressful situations or conditions, such as when dealing with:

(a)  people do not want to talk or listen

(b)  emotionally charged individuals

(c)  dangerous circumstances

(d)  being watched by others

(e)  people who dislike and/or distrust officers

**UNIT 19**
**LEGAL ASPECT OF USE OF FORCE**

3.  **Weaponless strategies** - physical strength/skill – use of the acronym SAFER:

    (a) <u>S</u>ecurity – person seriously threatens bodily harm to a jailer or another person. Also, when the officer's control is compromised.

    (b) <u>A</u>ttack – an officer's personal body danger zone is violated or an inmate displays aggressive behavior.

    (c) <u>F</u>light – when an inmate begins walking or running away or when an inmate escapes from custody.

    (d) <u>E</u>xcessive Repetition – when an officer is forced to repeat the same words or ideas over and over; repeated refusal by an inmate to comply or when an inmate is unreceptive to alternatives after repeated appeals.

    (e) <u>R</u>evised Priorities – possibly when the problem or constraints change or other events of greater importance occur.

4.  **Weaponless Control** – when words do not control and the use of a weapon is not appropriate (or necessary) this should be applied.

    <u>Techniques</u>:

    (a) restraint holds

    (b) impact and stunning blows

    (c) pain compliance techniques to cause a person to cease resistance

    <u>Concepts</u>:

    (a) self-control

    (b) balance - mental and physical

    (c) awareness

5.  Weapons strategies - irritants/baton

    (a) hand-held electrical weapons (stun guns and tasers)

    (b) chemical weapons (mace and pepper spray)

    (c) baton or other impact weapon

6.  **Deadly force** -

    (a) an officer may use deadly force to protect themselves or others when and to the degree they reasonably believe there is an immediate threat of death or serious bodily injury exists to themselves or others.

    (b) An officer should not use deadly force if there is a risk that their actions could cause an innocent person to be injured or killed.

    (c) While an officer might be justified in the discharge of a weapon, the law requires that they do so with reasonable prudence to avoid injury to others and that they exercise care commensurate with the danger involved.

**UNIT 19**
**LEGAL ASPECT OF USE OF FORCE**

      (d)  Refer to department policy and Texas Penal Code pertaining to the use of deadly force.

B.  Using the least amount of force needed

    1.  Continuum of force – always use the least amount of force necessary to control the situation

      (a)  Refer to "SAFER" acronym

C.  Improper use of force or excessive force may subject jailer to civil and criminal liability.

    1.  Civil and criminal liability

D.  Departmental policy may limit or prohibit use of certain types of force.

    1.  Irritants

    2.  Batons/Impact weapons

    3.  Deadly force

19.1.4  **Learning Objective:**  The student will be able to discuss the relationship between Use of Force law and force options
.

A.  Force Continuum/Force Options

B.  Considerations in applying force continuum:

    1.  There are a number of force continuum scales that various departments have adopted.  Refer to your department's policy.

    2.  Considerations of these scales:

      (a)  Ineffective control results when the level of force is less than the subject's level of resistance.

      (b)  Excessive control results when the level of force is greater than necessary.

      (c)  The force used should be no more than a reasonable person would use under the total circumstances of situation.

      (d)  Follow departmental policy and the law.

## UNIT 19
## LEGAL ASPECT OF USE OF FORCE

### Additional Resources

Correctional Supervisor's Correspondence Course:  Legal Issues and Disciple.  (1984).
Maryland:  American Correctional Association.  Book IV.

Halis, J., J.D. (3d Ed.). (2003).  Criminal Procedure.  Nevada: Copperhouse Pub. Co.

Rutledge, D., Ph.D.  (4th Ed).  (2001).  Criminal Interrogation:  Law and Tactics.  Nevada:
Copperhouse Publishing Company.

Wallace, H. & Roberson, C.  (2000).  Legal Aspects of Corrections.  Nevada:  Copperhouse
Publishing Company.

### Related Court Cases

*City of Houston, Texas v. Hill*, 107 S. Ct. 2502 (1987)
A properly trained officer may reasonably be expected to exercise a higher degree of
restraint than the average citizen and this is less likely to respond belligerently to fighting
words.

*Drewitt v. Platt*, 999 F.2d 774, 780 (4th Cir. 1993)
Officer entitled to qualified immunity for shooting despite fact he violated both policy
and state law by attempting misdemeanor arrest without displaying badge.

*Gravely v. Madden*, 142 F.3d 345, 349-50 (6th Cir. 1998)
A police regulation or guideline on the use of force "does not create a substantive right
that gives rise to a cause of action for damages."

*Ramirez v. Ahn*, 843 F.2d 864, 868 (5th Cir. 1988)
The government's violation of its own internal rules doesn't by itself violate the
Constitution.

*Tennessee v. Garner*, 105 S. Ct. 1694 (1985)
"Fleeing Felon Rule" determined that deadly force could only be used against a fleeing
felon if his escape would pose a threat to the safety of the community.

**UNIT 19**
**LEGAL ASPECT OF USE OF FORCE**



**UNIT 20**
**BASIC DEFENSIVE TACTICS**

20.1    **Functional Area:**  The student will be able to summarize some methods of basic defensive tactics.

20.1.1  **Learning Objective:**  The student will be able to demonstrate the combat-ready stance position.

    A. Foot positions:

        1.  Approximately two thirds of a shoulder-width apart, front to rear

        2.  Approximately one half of a shoulder width apart, side-to-side

        3.  Lead leg/foot pointing in direction of suspect

    B. Knees should be bent with hip lower to the ground.

    C. Weight should be equally distributed over both legs and slightly forward on balls of feet until movement is made.

    D. Turn body at hips to block vulnerable area to suspect (ribs and groin areas).

    E. Lead and rear hand in high/low position should be used for:

        1.  Holding/grabbing

        2.  Self defense

        3.  Strikes

        4.  Handcuffing

        5.  Searching

20.1.2  **Learning Objective:**  The student will be able to demonstrate handcuffing techniques.

    A. Have the subject turn away from you and put their hands behind their back; palms up.

    B. Have the subject spread their feet approximately shoulder-width apart.  You may have the subject lean slightly forward.

    C. Hand position of the officer is the same as the combat-ready stance

    D. Good wide, deep stance slightly bent at the knees

    E. Weak handgrip on handcuffs

    F. Grip the subject's right thumb with the strong hand and apply the handcuffs to the thumb side of the wrist.

> **Note to Instructor**: The handcuffs are closed using the index finger

    G. Rotate the thumb clockwise until the palm faces out

    H. Switch handcuffs to the strong hand to maintain control

**UNIT 20**
**BASIC DEFENSIVE TACTICS**

    I.   Grip the subject's left thumb with the weak hand and apply the handcuffs to the thumb side of the wrist

    J.   Rotate the thumb counter-clockwise until the palm faces out

    K.  Maintain full hand control on both the handcuffs and chain

    L.  Double-lock handcuffs

    M. Keyhole positions:

        1.  Up

        2.  Minimize escapes

        3.  Case carry

    N.  Take down the subject with handcuffs.

        1.  After placement of the first handcuff, if the suspect resists, the officer can use an immediate back-up takedown technique.

        2.  Without releasing the handcuff chain or hand of the first grip, pressure is exerted on the controlled thumb by pushing it up toward the shoulder and down toward the ground.  At the same time, the handcuffs are raised onto the back of the hand while the officer pulls the handcuffs toward himself.  The officer should step straight back and drag the suspect's wrist to the ground.

        3.  Once the suspect is on the ground, the officer can use the prone stabilization technique to prevent further resistance.

        4.  The officer will give loud, clear and repetitive instructions to stop resisting and get down on the ground.

        5.  After the suspect is sufficiently controlled, the officer can complete the handcuffing procedure.

20.1.3  **Learning Objective:**  The student will be able to demonstrate a  knee-strike-to-the-abdomen technique.

    A.  Purpose:  to stop the forward momentum of an aggressive offender

    B.  Abdomen:  physical incapacitation due to the loss of breath

    C.  Medical complications:

        1.  Abdomen – possible contusions to the muscle of the abdomen

        2.  Thigh – possible contusions to the surrounding muscles

    D.  Knee strike – abdominal muscles (solar plexus) – technique

        1.  Officer in high guard position

        2.  Stand – facing subject with hands held high, elbows tucked in, protecting the officer's head and torso

**UNIT 20**
**BASIC DEFENSIVE TACTICS**

    3.  Feet are in bladed stance protecting vital areas of body.

    4.  Officer grabs the subject behind their neck (without locking fingers) and then pushes down toward either shoulder

    5.  Officer holds the subject's head down on shoulder to maintain control.

    6.  Officer delivers knee strike to the abdominal muscles; be prepared to deliver multiple strikes, and then disengage.

**20.1.4** **Learning Objective:**  The student will be able to demonstrate a knee strike-to-the-thigh technique.

    A.  Knee strike to the thigh (i.e., to the common peroneal nerve):

        1.  Motor dysfunction to the affected limb

        2.  Flex – reflex response

        3.  Mentally stunning (a distraction technique)

    B.  Knee-strike-to-the-thigh techniques:

        1.  Officer begins in escort or high guard

        2.  Subject resists, officer grasps their arm

        3.  Officer strikes with knee towards to subject's thigh, multiple times, if necessary

**20.1.5** **Learning Objective:**  The student will be able to demonstrate a radial strike technique.

    A.  Purpose:  to loosen a grip or hold

    B.  Location:  lateral aspect of the arm (radial nerve motor point); below the subject's elbow

    C.  Effects:  motor dysfunction and cramps

    D.  Excessive use:

        1.  Possible disruption of the radioulnar joint

        2.  Possible fracture of radius

        3.  Possible fracture of elbow

    E.  Technique:

        1.  Grasp subject's wrist (if possible)

        2.  The officer uses free hand in hammer fist and strikes the "radial nerve motor point"

        3.  The officer should make sure to let the effect of the strike sink in and be prepared to follow with multiple strikes, if necessary

**UNIT 20**
**BASIC DEFENSIVE TACTICS**

20.1.6 **Learning Objective:**  The student will be able to demonstrate the basic escort position.

    A.  Purpose: to safely escort a potentially uncooperative subject within the facility

    B.  Technique:

        1.  The officer takes up a position to the side (left or right) and slightly to the rear of the subject

        2.  When the position is assumed properly, the officer's shoulder is placed just inside the subject's shoulder

        3.  It is important to maintain minimal distance between the officer and the subject

        4.  Close proximity has several advantages to the officer:

            a.  It minimizes the subject's ability to deliver a strong counter-kick

            b.  The officer is ideally positioned to deliver an effective knee strike without telegraphing the technique.

            c.  The officer's close proximity also enhances the officer's ability to displace the subject's balance for takedowns.

20.1.7 **Learning Objective:**  The student will be able to demonstrate a straight-arm-bar technique.

    A.  Purpose:  method of controlling an uncooperative subject through the principles of pail compliance and decentralization.

    B.  Vulnerable area of pressure point: elbow and shoulder of the resistor.

    C.  Tactical purpose and effect:

        1. Allows control of uncooperative suspect

        2. Takedown

        3. Prone stabilization of suspect

        4. Setup for a lower form of control

        5. Pain compliance control

    D.  Normal use – no medical complication

    E.  Technique

        1. Officer grasps the subject's arm (basic escort position)

        2. Officer meets with resistance – executes a knee strike to thigh for distraction

        3. Officer levers the suspect's arm over and down by exerting force on the elbow and wrist

        4. The subject is pulled toward the officer

**UNIT 20**
**BASIC DEFENSIVE TACTICS**

5. Leverage is applied with the forearm just above the elbow of the subject's controlled arm

6. Officer steps and pivots with the outside leg

7. Using the subject's momentum, the officer should guide the resistor to the ground, giving clear, loud and repetitive commands

8. Prone stabilization technique is then used to fix the resistor in the prone position

**UNIT 21**
**UNCOOPERATIVE/VIOLENT INMATES**

21.1   **Functional Area:**  The student will be able to summarize some issues when dealing with uncooperative and/or violent inmates.

21.1.1   **Learning Objective:**  The student will be able to define an uncooperative inmate

    A.  Uncooperative inmate – an inmate who refuses to comply with any valid commands given to him by an officer (i.e., refusing to comply with medical personnel)

    B.  An uncooperative inmate may be identified as refusing to:

        1.  Work

        2.  Clean cell

        3.  Eat

        4.  Participate in "required activity"

        5.  Move around

    C.  Always refer to departmental policy when handling uncooperative inmates

21.1.2   **Learning Objective:**  The student will be able to define a violent inmate.

    A.  Violent inmate may be identified as a person who:

        1.  Is excited or mentally disoriented with a loss of self-control

        2.  Attempts to inflict bodily harm to themselves or others

        3.  Has prior escapes or attempted escapes

        4.  Has a history of violence

        5.  Has special situations (e.g., a "Dear John" letter, the death of a loved one, or any additional special handling instructions)

    B.  Always refer to departmental policy when handling violent inmates

21.1.3   **Learning Objective:**  The student will be able to explain some reasons why inmates are uncooperative or violent.

    A.  Fear – e.g., attacks by other inmates

    B.  Physiological problems – e.g., side effects of medication

    C.  Distraction for other activities – e.g., attacks on other inmates or escape attempts

## UNIT 21
## UNCOOPERATIVE/VIOLENT INMATES

21.1.4  **Learning Objective:**  The student will be able to identify circumstances when security risks are present and backup personnel should be summoned.

    A.  Violence by one or more inmates

    B.  Suicide attempts

    C.  Prior escapes or attempted escape

    D.  Refusal to obey verbal orders by officer

    E.  Backup personnel should be summoned when dealing with security risks

        1.  Any time a violent cell is entered

        2.  Any time an inmate who has a history of violence is handled

---

**Note to Instructor:**   Exercise caution when handling inmates with history of violence.  Be alert for feigned illness or injury.

---