IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASANDRA SALCIDO, AS NEXT | § | |
| FRIEND OF MINOR CHILDREN K.L. | § | |
| AND C.L., DENISE COLLINS, | § | |
| KENNETH LUCAS, AMBER LUCAS | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF KENNETH CHRISTOPHER | § | |
| LUCAS, DECEASED, AND DEIDRE | § | |
| MCCARTHY, AS NEXT FRIEND OF | § | |
| MINOR CHILDREN K.J.L. AND T.J.L | § | |
|     Plaintiffs | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-15-2155 |
| | § | |
| HARRIS COUNTY, TEXAS, DEPUTY | § | JURY DEMANDED |
| DAVID GORDON, DEPUTY XAVIER | § | |
| LEVINGSTON, DETENTION | § | |
| OFFICER BRODERICK GREEN, | § | |
| DETENTION OFFICER ALICIA | § | |
| SCOTT, DETENTION OFFICER JESSE | § | |
| BELL, DETENTION OFFICER | § | |
| MORRIS THOMAS, AND | § | |
| DETENTION OFFICER ADAM | § | |
| KNEITZ | § | |
|     Defendants | § | Judge Sim Lake |

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT HARRIS COUNTY'S APPENDIX EXHIBITS 2 AND 3 AND PORTIONS OF DEFENDANT OFFICERS' EXHIBIT 7

Plaintiffs respectfully request the Court strike three irrelevant and prejudicial exhibits that are inadmissible for any purpose and were filed in support of Defendants' motions for summary judgment: (1) Defendant Harris County's summary judgment Appendix Exhibits 2 and 3 (Doc. 165, Bates Nos. LUCAS 001036; LUCAS 00329-00343), which Defendant cites as evidence Kenneth Lucas's prior irrelevant criminal charges and convictions, and (2) discussion of the same in Section VI, Paragraph 25, of Defendant Officers' Summary Judgment Appendix Exhibit

7 (Doc. 145-8), the Affidavit of Jay O. Coons, Ph.D. Doc. 152, p. 2 (citing JIMS booking inquiry, Bates No. 1036, Ex. 2; Texas DPS Criminal History, Bates Nos. 329-343, Ex. 3); Doc. 145-8, p. 20. Defendant Harris County's Exhibits 2 and 3, and the portion of Defendant Officers' Exhibit 7 discussing Kenneth's prior charges and convictions, should be stricken, because Defendant officers were unaware of and did not consider Kenneth's prior charges and convictions when they killed him, making this evidence prejudicial, irrelevant to the issues in the case, and therefore inadmissible for any purpose.

## I.      Summary of the Argument

The Court should strike Defendant Harris County's Summary Judgment Appendix Exhibits 2 and 3, and discussion of the same in Section VI of Defendant Officers' Summary Judgment Appendix Exhibit 7, for two reasons:

First, Defendants cite the exhibits for the sole purpose of attacking Kenneth's character in violation of FED. R. EVID. 404.

Second, the exhibits are not relevant to any matters at issue in the case, as Kenneth's prior charges and convictions are unrelated to the events surrounding Kenneth's death at the hands of the officers, and as Defendants have provided no evidence that they considered or even knew about Kenneth's history when they used excessive force and killed him.

Accordingly, the Court should strike Exhibits 2 and 3, and the pertinent portions of Exhibit 7, because they are inadmissible for any purpose and would only prejudice Plaintiffs in litigating their claims.

## II.      Factual Background

On February 14, 2014, Defendants Gordon, Leveston, Green, Scott, Bell, Thomas, and

Kneitz—officers in the Harris County Jail—hogtied Kenneth Lucas, a pretrial detainee, held him facedown, and compressed his chest until he could not breathe, killing him. Doc. 77. For fifteen minutes, Defendants ignored Kenneth's pleas for help, continuing to keep him in a hogtie position and apply force to his chest until he died. *Id.*

On July 28, 2015, Plaintiffs filed this case under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act of 1973. *Id.* Defendant officers filed their Rule 56 summary judgment motion on February 8, 2018. Doc. 145. Defendant Harris County filed its Rule 56 summary judgment motion on February 10, 2018. Doc. 152.

In support of summary judgment, the officers attack Kenneth's character by referencing his "past criminal history" generally, citing to the report of their expert witness, Jay Coons. (Exhibit 7). *See* Doc. 145, p. 2. In Section VI of his affidavit, Coons "notes" Kenneth had prior charges in Harris County spanning from 1997 to 2013, without explaining how this information is material to his opinion (because it is not), or this case more generally. Doc. 145-8, p. 20. In their motion, the officers do not contend they were aware of Kenneth's prior charges or convictions when they hogtied and suffocated Kenneth. *See* Doc. 145, p. 2. In actuality, there is no evidence they knew anything about Kenneth's past.

In support of summary judgment, Harris County similarly attacks Kenneth's character by referring to Kenneth's Justice Information Management System (JIMS) Booking Inquiry (Exhibit 2) and Texas Department of Public Safety Computerized Criminal History (Exhibit 3) as evidence of Kenneth's alleged "history of violence." Doc. 152, p. 2. Harris County also does not allege the officers knew about these prior charges when they killed Kenneth, or explain how charges from 1995, 1997, 1999, 2012, and 2013 are at all relevant to the officers' actions on February 14, 2014. *Id.* Further, not all of the charges Defendants recite resulted in convictions,

and are thus inadmissible. "It is well settled that it is reversible error to permit the introduction of extrinsic evidence to prove misconduct that did not result in a conviction." *United States v. Reed*, 715 F.2d 870, 876 (5th Cir. 1983).

### III. Argument

The Court should strike (1) Defendant Harris County's summary judgment Appendix Exhibits 2 and 3, which Defendant cites as evidence of Kenneth Lucas's prior charges and convictions, and (2) discussion of the same in Section VI, Paragraph 25, of Defendant Officers' summary judgment Appendix Exhibit 7, the Affidavit of Jay O. Coons. Doc. 152, p. 2; Doc. 145-8, p. 20.

Evidence is only relevant if it (1) has any tendency to make a fact more or less probable than it would be without evidence; and (2) the fact is of consequence in determining the action. FED. R. EVID. 401. Relevance for the purpose of admissibility is determined on a case-by-case basis:

> Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Does the item of evidence tend to prove the matter sought to be proved? Whether the relationship exists depends upon principles evolved by experience or science, applied logically to the situation at hand. James, Relevancy, Probability and the Law, 29 CALIF.L.REV. 689, 696, n. 15 (1941), in SELECTED WRITINGS ON EVIDENCE AND TRIAL 610, 615, n. 15 (Fryer ed. 1957). The rule summarizes this relationship as a "tendency to make the existence" of the fact to be proved "more probable                           or                           less                           probable."

FED. R. EVID. 401 (advisory committee's notes).

### A. Evidence of Kenneth's Character is Impermissible for Any Purpose

Character evidence, in particular, "is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FED. R. EVID. 404(a). And further, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in

order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b); *see Thomas v. Cumberland Cty.,* 2012 WL 3780452, *2 (D. N.J. Aug. 31, 2012) (granting motion in limine to exclude "the substance of plaintiff's arrest"); *Stepter v. Verele*, No. CIV.A. 10-1799, 2011 WL 2473949, at *3 (E.D. La. June 22, 2011) (granting motion in limine where prior charges were unconnected to lawsuit and would have highly prejudicial effect); *Thomas v. Seahan*, 514 F.Supp.2d 1083, 1088 (N.D. Ill. Sept. 21, 2007) (granting motion to exclude evidence of deceased's "prior arrests, criminal involvement, and convictions" as "the fact of [the deceased's] 7-day incarceration [in the jail] as to the only relevant purpose this Court can foresee"); *Shows v. M/V Red Eagle*, 695 F.2d 114, 118 (5th Cir. 1983) (the Rule 403 balancing test for admission of plaintiff's prior conviction for armed robbery "could properly come out only in favor of an exclusion of the evidence … [T]he evidence presented the risk that a jury would not be fair to [plaintiff's] claim, not because it did not believe him, but because as a convict he was not deserving of their justice."); *United States v. Parker*, 133 F.3d 322, 327 (5th Cir. 1998) (violent crimes are irrelevant to a witness's character for truthfulness); *Wilson v. Union Pac. R.R.*, 56 F.3d 1226, 1231 (10th Cir. 1995) (trial court properly excluded evidence of prior conviction for drug possession, because it was not highly relevant to the issue of veracity and was likely to be highly prejudicial and arouse jury sentiment against a party-witness).

Kenneth was a pretrial detainee while incarcerated in Harris County Jail, and presumed innocent. *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 523 (979). Defendants have inserted evidence of Kenneth's prior charges and convictions into the record impermissibly to attack his character and suggest Defendant officers' decision to use excessive force was somehow affected by Kenneth's history. In so doing, Defendants misleadingly impute fault onto Kenneth for

Defendants' violation of his rights. *See*, *e.g.*, Doc. 152, p. 71 ("Lucas contributed to his own untimely death"). Moreover, Defendants' attempt to demean Kenneth's character only serves to distract from the relevant issues in the case, as Defendants do not contend the officers considered, or even knew about Kenneth's history when they used excessive force against him. "Facts an officer learns after the incident ends—whether those facts would support granting immunity or denying it—are not relevant." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2007, 198 L. Ed. 2d 625 (2017).

Accordingly, Defendant Harris County's Exhibits 2 and 3, as well as the portion of Defendant Officers' Exhibit 7 that discusses Kenneth's prior charges and convictions, are inadmissible for any purpose because they are not relevant to the issues in the case, and have no bearing on the rights of the parties to this suit. Permitting Defendants to use this evidence at summary judgment would only prejudice Plaintiffs in litigating their claims.

**B. The Court Should Strike Portions of Section VI, Paragraph 25, of the Officers' Exhibit 7 as Prejudicial and Inadmissible for Any Purpose**

The Court should strike the portions of Section VI, Paragraph 25, of Defendant Officers' Exhibit 7 that discusses Kenneth's prior charges and convictions, because it is prejudicial and irrelevant.

Defendant officers use the affidavit of Jay Coons to support the isolated statement in their summary judgment motion that Kenneth's "past criminal history showed four separate assault charges and a charge of evading arrest." Doc. 145, p. 2. In his affidavit, Coons makes no attempt to connect Kenneth's prior history to the events at issue in the case (because he cannot), but rather "notes" offhand that Kenneth had separate charges in Harris County spanning from 1997 (of which only three were convictions). Doc. 145-8. Coons does not provide any further analysis

in referencing Kenneth's history. *See id.* Defendant officers similarly do not connect (because they cannot) Kenneth's history to any matters germane to determining the merits of this case.

It is clear from Defendant officers' failure to make any contention or cite to any evidence asserting they were aware or considered Kenneth's history while using deadly force against him that Kenneth's prior charges and convictions are in no way relevant to the matters in this case. Accordingly, the portion of Exhibit 7 Defendant officers cite in reference to Kenneth's history is inadmissible under Rules 401 and 404 because it is irrelevant, and used to for the sole purpose of impermissibly attacking Kenneth's character to prejudice Plaintiffs and mislead the factfinder.

### C. The Court Should Strike Harris County's Appendix Exhibits 2 & 3 as Prejudicial and Inadmissible for Any Purpose

The Court should strike Appendix Exhibits 2 and 3 in Defendant Harris County's motion for summary judgment, because they are highly prejudicial and have no probative value.

Defendant Harris County recites Kenneth's prior charges and convictions only to attack Kenneth's character. As with Defendant officers, Harris County asserts that Kenneth "had a long history of prior violent offenses" without providing any basis to indicate Kenneth's history is at all relevant to the issues in the case. *See* Doc. 152, p. 2. None of the officers who killed Kenneth knew anything about him at the time.

The probative value of Exhibits 2 and 3 is therefore substantially outweighed by the danger of unfair prejudice to Plaintiffs and confuses the issues.

### IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request the Court strike Defendant Harris County's Appendix Exhibits 2 and 3, as well as the portion of Section VI, Paragraph 25, of Defendant officers' Exhibit 7 that discusses Kenneth Lucas's prior offenses and convictions,

in support of their motions for summary judgment, and decline to consider these exhibits in resolving these motions.

Dated: April 9, 2018.

*[Signature Block on Next Page]*

Respectfully submitted,

THE LANIER LAW FIRM, P.C.

By: /s/ Lawrence P. Wilson
W. MARK LANIER
State Bar No.: 11934600
S.D. Tex. No. 8461
wml@lanierlawfirm.com
Lawrence P. Wilson
State Bar No.: 21704100
S.D. Tex. No. 9217
larry.wilson@lanierlawfirm.com
Benjamin T. Major
State Bar No.: 24074639
S.D. Tex. No. 1503277
benjamin.major@lanierlawfirm.com
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Telecopier: (713) 659-2204

*Attorneys in Charge for Plaintiffs Denise Collins, Kenneth Lucas, and Casandra Salcido, as Next Friend of Minor Children K.L. and C.L.*

EDWARDS LAW

The Haehnel Building
1101 E. 11th Street
Austin, Texas 78702
Tel.    512-623-7727
Fax.    512-623-7729

By:    /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
jeff@edwards-law.com
SCOTT MEDLOCK
State Bar No. 24044783
scott@edwards-law.com

*Attorneys in Charge for Plaintiff Deidra McCarty, as Friend of Minor Children K.J.L. and T.J.L*

ROY W. SMITH
Attorney at Law

2616 South Loop West, Suite 670
Houston, Texas  77054
(713) 759-9266 Office
(713) 759-9412 Facsimile

By:    /s/ Roy W. Smith
Roy W. Smith
State Bar No. 181681500
roy.w.smith@live.com

*Attorney in Charge for Plaintiff Amber Lucas Individually and In Her Capacity as Representative of the Estate of Kenneth Christopher Lucas, Deceased.*

## CERTIFICATE OF SERVICE

By my signature below, I certify that a true and correct copy of the above has been filed using the Court's e-filing system and was provided to the following attorneys of record via electronic system:

Edward J. Kroger
State Bar No. 11729700
Federal ID No. 14585
kroger@krogerlaw.com
Colin Goodman
State Bar No. 24072020
goodman@krogerlaw.com
3100 Weslayan, Suite 300
Houston, Texas  77027
(713) 961-7952
(713) 961-7953 – Fax
*Attorneys for Defendants,*
*Laxman Sunder and Carrie O'Pry*

F. Clinton Gambill, II
clinton.gambill@cao.hctx.net
State Bar No. 07601700
1019 Congress, 15th Floor
Houston, Texas  77002
(713) 274-5136
(713) 755-8924 – Fax
*Attorney for Defendants,*
*Deputy Xavier Levingston, Officer Broderick*
*Green, Officer Jesse Bell, Officer Morris*
*Thomas, and Officer Adam Kneitz*

Vince Ryan
Harris County Attorney
Laura Beckman Hedge
Assistant County Attorney
State Bar No. 11373900
Federal ID No. 12524
laura.hedge@cao.hctx.net
Keith A. Toler
Assistant County Attorney
State Bar No. 24088541
Federal ID No. 2599245
keith.toler@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas  77002
(713) 274-5137
(713) 755-8924 – Fax
*Attorneys for Defendant,*
*Harris County*

Mary E. Baker
State Bar No. 08534000
mary.baker@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas  77002
(713) 274-5133
(713) 755-8924 – Fax
*Attorney for Defendants,*
*Deputy Alicia Scott and Deputy David Gordon*


By /s/   Benjamin Major
Benjamin Major

## CERTIFICATE OF CONFERENCE

By my signature below, I certify that I have conferred with counsel for all the parties. Defendants are opposed to the relief requested.

By /s/   Jeff Edwards
ATTORNEY FOR PLAINTIFFS