**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CASANDRA SALCIDO, AS NEXT** | § | |
| **FRIEND OF MINOR CHILDREN K.L.** | § | |
| **AND C.L., DENISE COLLINS,** | § | |
| **KENNETH LUCAS, AMBER LUCAS,** | § | |
| **INDIVIDUALLY AND AS** | § | |
| **REPRESENTATIVE OF THE ESTATE** | § | |
| **OF KENNETH CHRISTOPHER** | § | |
| **LUCAS, DECEASED, AND DEIDRE** | § | |
| **MCCARTY, AS NEXT FRIEND OF** | § | |
| **MINOR CHILDREN, K.J.L AND T.J.L.,** | § | |
| *Plaintiffs,* | § | **CIVIL ACTION NO. 4:15-CV-02155** |
| | § | |
| **V.** | § | **JURY DEMAND** |
| | § | |
| **HARRIS COUNTY, TEXAS, DEPUTY** | § | |
| **DAVID GORDAN, DEPUTY XAVIER** | § | |
| **LEVINGSTON, DETENTION** | § | |
| **OFFICER BRODERICK GREEN,** | § | |
| **DETENTION OFFICER ALICIA** | § | |
| **SCOTT, DETENTION OFFICER JESSE** | § | |
| **BELL, DETENTION OFFICER** | § | |
| **MORRIS THOMAS, AND** | § | |
| **DETENTION OFFICER ADAM** | § | |
| **KNEITZ,** | § | |
| *Defendants.* | § | |

### DEFENDANTS' AMENDED OBJECTIONS AND REPLY TO PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Defendants Harris County Sheriff's Office Deputy David Gordon, Deputy Xavier Leveston, Detention Officer Broderick Green, Detention Officer Alicia Scott, now known as Riley Alexander Scott, Detention Officer Jesse Bell, Detention Officer Morris Thomas, and Detention Officer Adam Kneitz in their Individual Capacities (collectively "Defendants") now file their Amended Objections and Reply to Plaintiffs' Response to Plaintiffs' Consolidated Response to Defendants' Motions for Summary Judgment ("the Response") and would respectfully show this Court as follows:

1.      Defendants Officer Green Xavier Leveston, Officer Jesse Bell, Officer Morris Thomas and Officer Adams Kneitz filed their Motion for Summary Judgment on February 8, 2018. See Doc. No. 145. Defendants Deputy Gordon and Officer Scott filed their Motion for Summary Judgment on February 9, 2018. See Doc. No. 150.

2.      Plaintiffs filed their Consolidated Response to Defendants' Motions for Summary Judgment on April 9, 2018. See Doc. No. 175.

3.      Defendants now file their Amended Objections and Reply.

4.      There is no trial setting in this cause.

## OBJECTIONS

5.      Defendants incorporate their Motion to Strike Plaintiffs' Counsel's Affidavit and Certain Exhibits as if fully set forth herein. In addition, Defendants assert the following objections to Plaintiffs' summary judgment evidence.

6.      In addition to the matters identified in the Motion to Strike, Defendants object to the admission of Plaintiffs' Exhibit 3, a letter from the United States Department of Justice dated June 4, 2009 ("the Findings Letter") on the following additional grounds. The investigation to which the Findings Letter refers was conducted by the DOJ of the Harris County Sheriff's Office ("the Sheriff's Office") and not of the Defendants.  The Findings Letter does not identify Defendants as having engaged in misconduct, or even as having been the subjects of the investigation. There is no evidence that Defendants received a copy of the Findings Letter, that they had any knowledge whatsoever of the Findings Letter or that they were involved in policymaking on behalf of the Sheriff's Office in any way.  Admission of the Findings Letter against Defendants is improper as it is irrelevant to Plaintiffs' claims against them, is confusing and is prejudicial.

7.    Defendants object to the following pages and lines of the deposition excerpts of

Officer Riley Scott attached to Plaintiffs' Response as Exhibit 6 (DOC. NO. 17-9):

| Page/Line | Objections |
|---|---|
| Page 9, line 24 to page 10, line 2 | sidebar |
| Page 10, lines 3-8 | vague, argumentative |
| Page 10, lines 9-16 | argumentative |
| Page 11, lines 1-6 | vague |
| Page 11, lines 7-15 | vague, calls for speculation, calls for a legal conclusion, argumentative |
| Page 11, lines 17-22 | vague, calls for speculation, calls for a legal conclusion, argumentative |
| Page 12, lines 2-13 | vague, argumentative, calls for speculation, calls for a legal conclusion |
| Page 13, lines 1-6 | argumentative |
| Page 14, lines 5-11 | vague, calls for speculation, calls for a legal conclusion |
| Page 14, lines 12-15 | vague, calls for speculation, calls for a legal conclusion |
| Page 14, lines 16-23 | vague, assumes facts not in evidence, and argumentative |
| Page 14, line 24-page 15, line 5 | vague, argumentative, harassing |
| Page 15, lines 6-13 | calls for speculation, vague and argumentative |
| Page 15, lines 14-19 | sidebar |
| Page 15, line 20-page 16, line 1 | calls for speculation, assumes facts not in evidence, argumentative |
| Page 16, lines 5-9 | vague, calls for speculation, argumentative |
| Page 16, lines 12-19 | vague, calls for speculation, argumentative |
| Page 16, line 23-page 17, line 2 | argumentative, mischaracterizes the witness's testimony |
| Page 18, lines 5-16 | relevance, mischaracterizes the witness's testimony |
| Page 29, line 25-page 30, line 5 | relevance |
| Page 30, line 22-page 31, line 1 | vague |
| Page 31, line 22-25 | assumes facts not in evidence |
| Page 32, lines 1-3 | assumes facts not in evidence |
| Page 33, lines 3-8 | vague |
| Page 36, lines 18-24 | calls for speculation |
| Page 36, line 25-page 37, line 4 | calls for speculation |
| Page 37, lines 5-12 | calls for speculation, asked and answered |
| Page 37, line 18-page 38, line 1 | argumentative |
| Page 40, lines 5-7 | argumentative |
| Page 40, lines 8-16 | argumentative |
| Page 40, lines 17-20 | vague |
| Page 41, lines 22-25 | vague |
| Page 42, lines 7-10 | argumentative |
| Page 43, lines 8-13 | asked and answered |

| | |
|---|---|
| Page 45, lines 2-10 | vague, irrelevant |
| Page 45, lines 11-15 | vague, irrelevant |
| Page 45, line 23- page 46, line 8 | vague, overbroad |
| Page 46, line 18-page 47, line 1 | Calls for speculation |
| Page 47, lines 2-7 | vague |
| Page 47, line 22-page 48, line 4 | vague |
| Page 48, lines 7-14 | argumentative |
| Page 48, lines 15-21 | argumentative |
| Page 48, line 22-page 49, line 7 | sidebar |
| Page 49, lines 8-10 | sidebar |
| Page 49, line 23-page 50, line 2 | vague |
| Page 50, lines 12-15 | argumentative |
| Page 50, lines 19-20 | argumentative |
| Page 50, lines 19-23 | argumentative |
| Page 51, lines 19-22 | sidebar, argumentative |
| Page 51, line 23-page 52, line 4 | argumentative |
| Page 52, lines 5-8 | argumentative, calls for speculation |
| Page 52, lines 15-19 | calls for speculation |
| Page 56, lines 8-14 | calls for speculation, assumes facts not in evidence |
| Page 56, lines 15-21 | argumentative, calls for speculation |
| Page 56, line 22-page 57, line 1 | argumentative |
| Page 57, lines 8-15 | vague, argumentative, assumes facts not in evidence |
| Page 57, lines 16-22 | vague, argumentative, assumes facts not in evidence |
| Page 57, line 23-page 58, line 8 | vague, argumentative |
| Page 58, lines 11-17 | argumentative, calls for speculation |
| Page 58, line 23-page 59, line 5 | vague |
| Page 59, lines 9-15 | vague |
| Page 59, lines 17-20 | sidebar |
| Page 59, line 21-25 | vague |
| Page 60, lines 1-4 | vague |
| Page 60, lines 8-14 | vague |
| Page 60, lines 15-21 | vague |
| Page 60, line 24-page 61, line 5 | vague, calls for speculation |
| Page 61, lines 6-11 | vague |
| Page 61, lines 12-18 | vague, argumentative |
| Page 61, line 21-25 | vague, argumentative |
| Page 62, lines 1-9 | vague |
| Page 62, lines 9-12 | argumentative |
| Page 62, lines 20-22 | global |
| Page 63, lines 6-9 | argumentative |
| Page 63, lines 10-14 | argumentative |
| Page 63, lines 15-18 | vague |
| Page 63, line 23-page 64, line 3 | vague, calls for a legal conclusion |
| Page 64, lines 4-10 | vague, calls for a legal conclusion, argumentative |
| Page 64, lines 18-23 | vague |

| Page 64, line 24-page 65, line 4 | vague |
|---|---|
| Page 65, lines 11-17 | calls for speculation, argumentative |
| Page 65, lines 18-24 | vague, calls for speculation, assumes facts not in evidence |
| Page 65, line 25-page 66, line 5 | sidebar, argumentative |
| Page 66, lines 6-15 | vague, overbroad, assumes facts not in evidence, calls for an expert opinion |
| Page 66, lines 16-21 | mischaracterizes the evidence |
| Page 67, lines 5-13 | argumentative, misstates the evidence |
| Page 67, lines 14-15 | sidebar |
| Page 67, lines 16-20 | relevance, sidebar |
| Page 67, lines 21-23 | relevance |
| Page 72, lines 3-8 | vague |
| Page 72, lines 9-15 | misstates the evidence |
| Page 73, lines 6-9 | vague |
| Page 73, lines 15-22 | vague, overbroad |
| Page 73, lines 23-page 74, line 3 | argumentative |
| Page 74, lines 4-8 | argumentative |
| Page 74, lines 9-16 | asked and answered |
| Page 74, lines 17-22 | calls for speculation, irrelevant |
| Page 83, lines 11-18 | argumentative, calls for a legal conclusion |
| Page 83, line 19-page 84, line 4 | argumentative, misstates prior testimony and evidence |
| Page 84, lines 14-21 | vague, argumentative |
| Page 84, line 22-page 85, line 6 | vague, argumentative |
| Page 85, lines 7-9 | argumentative |
| Page 85, lines 11-17 | vague, calls for speculation |
| Page 85, lines 18-20 | vague, calls for speculation |
| Page 86, lines 3-10 | calls for speculation |
| Page 89, lines 4-9 | sidebar |
| Page 90, lines 9-18 | vague, overbroad |
| Page 91, lines 11-18 | vague |
| Page 100, lines 9-11 | vague, overbroad |
| Page 101, lines 8-13 | argumentative |
| Page 101, lines 14-16 | Argumentative |
| Page 109, lines 19-22 | argumentative, calls for a legal conclusion |
| Page 109, line 23-page 110, line 1 | no question pending |
| Page 110, lines 2-8 | calls for a legal conclusion |
| Page 111, lines 19-24 | argumentative, asked and answered |
| Page 111, line 25-page 112, line 4 | assumes facts not in evidence |
| Page 112, lines 9-13 | asked and answered, argumentative |
| Page 112, line 22-page 113, line 4 | argumentative |
| Page 116, lines 13-19 | asked and answered |
| Page 116, lines 20-23 | asked and answered |
| Page 119, lines 17-21 | argumentative |
| Page 120, lines 6-10 | vague, argumentative |

| Page 120, lines 16-20 | calls for speculation |
|---|---|
| Page 121, line 23-page 122, line 3 | vague, calls for speculation, argumentative |
| Page 122, lines 4-7 | argumentative |
| Page 122, lines 8-14 | argumentative |
| Page 122, lines 15-17 | sidebar |
| Page 122, line 25-page 123, line 4 | vague, overbroad, argumentative |
| Page 124, lines 7-13 | vague, argumentative |
| Page 124, lines 14-19 | argumentative |
| Page 124, line 20-page 125, line 1 | vague, calls for a legal conclusion |
| Page 125, lines 2-12 | calls for a legal conclusion |
| Page 125, lines 13-23 | calls for a legal conclusion |
| Page 129, lines 10-17 | vague |
| Page 130, lines 15-23 | asked and answered |
| Page 131, lines 2-8 | misstates the evidence, irrelevant, argumentative |
| Page 131, lines 9-15 | argumentative |
| Page 131, lines 16-18 | sidebar |
| Page 131, lines 20-21 | argumentative |
| Page 131, line 22-page 132, line 2 | argumentative |
| Page 132, lines 3-7 | argumentative |
| Page 132, lines 8-12 | argumentative |
| Page 132, lines 13-19 | sidebar |
| Page 132, line 20-page 133, line 4 | argumentative |
| Page 133, lines 5-7 | argumentative |
| Page 133, lines 8-9 | sidebar |
| Page 133, lines 10-12 | sidebar |
| Page 132, lines 13-26 | asked and answered |
| Page 136, lines 15-19 | calls for speculation |
| Page 137, lines 5-14 | calls for speculation |
| Page 138, lines 18-24 | asked and answered |
| Page 138, line 25-page 139, line 8 | asked and answered |
| Page 139, lines 9-14 | asked and answered |
| Page 139, line 17-page 140, line 5 | multifarious |
| Page 144, lines 1-7 | vague |
| Page 144, lines 8-19 | sidebar, vague |
| Page 148, lines 7-11 | seeks an expert opinion |
| Page 149, lines 13-17 | calls for an expert opinion |
| Page 151, lines 11-19 | calls for speculation |
| Page 153, lines 1-8 | vague |
| Page 153, lines 9-15 | asked and answered |
| Page 153, lines 16-25 | calls for speculation |
| Page 163, lines 3-9 | misstates the witness's testimony |
| Page 163, lines 10-13 | vague |
| Page 164, line 25-page 165, line 5 | asked and answered |
| Page 166, lines 4-6 | sidebar |
| Page 166, lines 19-25 | sidebar, argumentative |

| Page 168, lines 6-9 | calls for speculation |
|---|---|
| Page 168, lines 10-14 | calls for speculation |
| Page 168, lines 21-24 | assumes facts not in evidence |
| Page 170, lines 1-4 | sidebar, argumentative |
| Page 171, lines 2-6 | calls for speculation |
| Page 171, lines 7-11 | assumes facts not in evidence |
| Page 171, lines 12-19 | sidebar |
| Page 171, lines 20-24 | mischaracterizes the evidence |
| Page 173, lines 14-20 | asked and answered, calls for speculation |
| Page 174, lines 9-12 | vague |
| Page 176, lines 10-13 | asked and answered |
| Page 178, line 4-page 178, line 11 | argumentative |
| Page 181, lines 9-17 | argumentative |
| Page 181, lines 18-22 | argumentative |

8.      Defendants object to the following pages and lines of Deputy Gordon's deposition

attached to Plaintiffs' Response as Exhibit 7 (Doc. No. 175-10):

| Page/Line | Objections |
|---|---|
| Page 10, line 24-page 11, line 3; | vague |
| Page 12, lines 15-21 | argumentative and vague |
| Page 14, lines 19-24 | vague |
| Page 15, lines 14-23 | speculative |
| Page 15, line 24-page 16, line 10 | vague |
| Page 16, lines 13-18 | vague |
| Page 17, lines 14-22 | vague, assumes facts not in evidence |
| Page 18, lines 6-11 | vague, assumes facts not in evidence |
| Page 18, line 22-page 19, line 2 | vague, calls for speculation |
| Page 19, lines 12-15 | vague |
| Page 20, lines 21-25 | argumentative, vague, assumes facts not in evidence |
| Page 21, line 22-page 23, line 4 | argumentative, calls for speculation, vague, sidebar |
| Page 22, lines 9-16 | argumentative, vague, calls for speculation |
| Page 23, line 3-page 24, line 4 | sidebar, calls for speculation, vague |
| Page 23, line 3-page 24, line 4 | sidebar, harassing, argumentative, calls for speculation |
| Page 24, lines 5-21 | calls for speculation, hypothetical question |
| Page 26, lines 5-14 | calls for speculation, assumes facts not in evidence |
| Page 26, line 15-25 | sidebar, argumentative |
| Page 27, lines 10-14 | vague |
| Page 27, lines 15-20 | vague |
| Page 27, line 24-page 28, line 6 | asked and answered, argumentative |
| Page 28, lines 16-21 | asked and answered, argumentative |
| Page 28, line 25-page 29, line 4 | argumentative |
| Page 29, lines 18-23 | vague |
| Page 30, lines 6-12 | multifarious |

| | |
|---|---|
| Page 30, line 25-page 31, line 4 | vague |
| Page 32, lines 17-20 | vague |
| Page 32, lines 13-16 | vague |
| Page 32, lines 17-22 | vague |
| Page 32, line 23-page 33, line 3 | vague |
| Page 33, lines 4-8 | vague |
| Page 34, lines 6-11 | vague |
| Page 34, lines 12-15 | vague |
| Page 35, lines 2-8 | assumes facts not in evidence |
| Page 35, lines 9-14 | assumes facts not in evidence |
| Page 35, line 24-Page 36, line 5 | argumentative |
| Page 36, lines 6-10 | argumentative, vague |
| Page 36, lines 11-18 | argumentative |
| Page 36, lines 19-25 | argumentative and sidebar |
| Page 37, lines 7-14 | vague, argumentative, assumes facts not in evidence |
| Page 37, lines 15-18 | vague, argumentative, assumes facts not in evidence |
| Page 37, line 19-page 38, line 3 | calls for speculation |
| Page 38, lines 4-11 | calls for speculation, calls for an expert opinion |
| Page 38, lines 12-18 | calls for speculation, calls for an expert opinion |
| Page 39, lines 3-6 | vague |
| Page 39, lines 20-24 | vague |
| Page 39, line 25-page 40, line 5 | vague |
| Page 40, lines 11-16 | vague |
| Page 40, line 24-page 41, line 6 | calls for speculation |
| Page 44, lines 21-25 | calls for speculation |
| Page 47, lines 15-20 | vague |
| Page 47, line 21-page 48, line 1 | vague |
| Page 48, lines 5-21 | calls for speculation, argumentative |
| Page 48, line 24-page 49, line 5 | vague, argumentative, assumes facts not in evidence |
| Page 49, lines 6-10 | vague |
| Page 49, lines 13-18 | vague |
| Page 50, lines 16-20 | asked and answered |
| Page 50, line 21-page 51, line 3 | vague, assumes facts not in evidence |
| Page 52 | assumes facts not in evidence, vague, calls for speculation |
| Page 52, lines 14-19 | asked and answered |
| Page 52, line 20-page 53, line 2 | relevance |
| Page 53, lines 3-9 | vague, calls for speculation |
| Page 53, lines 18-23 | calls for speculation, calls for an expert opinion |
| Page 54, lines 4-10 | calls for speculation |
| Page 55, lines 13-18 | vague |
| Page 56, lines 17-20 | vague |
| Page 57, lines 2-6 | vague, asked and answered |
| Page 57, lines 7-15 | calls for speculation |
| Page 57, lines 16-21 | vague |

| Page 58, lines 2-5 | vague |
|---|---|
| Page 63, lines 2-4 | argumentative |
| Page 65, lines 20-25 | vague, argumentative |
| Page 66, lines 3-9 | assumes facts not in evidence |
| Page 66, line 23-page 67, line 3 | argumentative |
| Page 67, lines 4-14 | mischaracterizes prior testimony |
| Page 67, line 20-page 68, line 1 | vague |
| Page 68, lines 9-17 | calls for speculation, vague |
| Page 68, lines 18-23 | vague, calls for speculation |
| Page 68, line 24-page 69, line 5 | vague, argumentative |
| Page 69, lines 9-15 | vague, calls for speculation |
| Page 70, lines 3-15 | vague |
| Page 70, lines 16-21 | vague |
| Page 71, lines 6-15 | vague, argumentative |
| Page 71, lines 16-18 | sidebar |
| Page 71, line 19-page 72, line 2 | vague, mischaracterizes prior testimony |
| Page 72, lines 3-13 | vague, mischaracterizes prior testimony |
| Page 72, line 14-page 73 | vague, calls for speculation |
| Page 73, lines 2-13 | vague, calls for speculation, argumentative |
| Page 73, line 24-page 74, line 6 | relevance, vague, calls for speculation, harassing |
| Page 74, lines 7-15 | assumes facts not in evidence, calls for speculation |
| Page 74, lines 16-23 | assumes facts not in evidence, calls for speculation, argumentative, vague |
| Page 74, line 24-page 75, line 8 | argumentative, calls for speculation, vague, harassing |
| Page 75, lines 9-16 | calls for speculation, vague, argumentative |
| Page 75, lines 17-20 | vague |
| Page 76, line 1-17 | vague, calls for speculation |
| Page 76, lines 18-22 | vague, asked and answered |
| Page 77, lines 2-8 | argumentative |
| Page 77, lines 12-23 | vague, calls for speculation, misstates facts not in evidence, argumentative, asked and answered |
| Page 77, line 24-page 78, line 10 | sidebar, argumentative |
| Page 78, lines 12-16 | calls for speculation, vague, asked and answered |
| Page 78, lines 17-21 | asked and answered, argumentative |
| Page 78, line 22-page 79, line 5 | vague, calls for speculation |
| Page 79, lines 6-13 | vague |
| Page 79, lines 21-24 | vague |
| Page 80, lines 6-10 | vague |
| Page 80, lines 11-15 | vague |
| Page 81, lines 6-8 | vague |
| Page 81, lines 9-17 | vague, argumentative |
| Page 82, lines 1-9 | object to demonstration |
| Page 82, lines 9-17 | vague, argumentative |
| Page 83, lines 11-13 | vague |
| Page 83, lines 18-21 | vague |

| | |
|---|---|
| Page 84, lines 4-10 | vague, calls for speculation |
| Page 84, lines 11-16 | vague |
| Page 84, line 21-page 85, line 1 | vague, calls for speculation |
| Page 85, lines 8-13 | calls for speculation |
| Page 86, lines 1-5 | vague |
| Page 86, lines 6-10 | vague |
| Page 86, lines 11-18 | assumes facts not in evidence, vague, calls for speculation, misstates the evidence, argumentative |
| Page 87, lines 1-7 | vague, calls for speculation, argumentative, assumes facts not in evidence |
| Page 88, lines 5-19 | vague, calls for speculation, calls for a legal conclusion, argumentative, assumes facts not in evidence |
| Page 88, lines 20-13 | sidebar |
| Page 88, line 24-page 89, line 8 | sidebar, argumentative, asked and answered |
| Page 89, lines 13-19 | vague |
| Page 89, line 20-page 90, line 5 | vague, calls for speculation, calls for a legal conclusion |
| Page 89, line 20-page 90, line 5 | calls for speculation, calls for a legal conclusion, assumes facts not in evidence |
| Page 90, lines 8-13 | vague, calls for speculation |
| Page 90, lines 23-25 | sidebar |
| Page 91, lines 11-15 | vague, calls for speculation |
| Page 91, line 24-page 92, line 7 | vague, calls for speculation, argumentative |
| Page 92, lines 8-11 | vague, argumentative |
| Page 92, lines 12-18 | vague, argumentative, calls for speculation |
| Page 92, line 19-page 93, line 1 | vague, calls for speculation, assumes facts not in evidence |
| Page 93, lines 2-12 | vague, calls for speculation, assumes facts not in evidence |
| Page 93, lines 13-19 | vague, calls for speculation, assumes facts not in evidence |
| Page 94, lines 4-25 | sidebar, arguing with witness, vague |
| Page 95, lines 4-11 | vague |
| Page 95, lines 12-17 | vague |
| Page 95, line 18-page 96, line 2 | vague, calls for speculation, argumentative, assumes facts not in evidence |
| Page 95, lines 4-11 | vague |
| Page 95, line 18-page 96, line 2 | vague, argumentative, assumes facts not in evidence, calls for speculation |
| Page 96, lines 4-9 | sidebar |
| Page 96, lines 10-13 | vague |
| Page 96, lines 18-22 | vague, calls for speculation |
| Page 97, lines 2-7 | vague, argumentative, calls for speculation |
| Page 97, lines 12-17 | vague, calls for speculation |
| Page 97, lines 18-22 | vague |
| Page 98, lines 4-10 | object to relevance |

| Page 98, lines 11-15 | object to relevance |
|---|---|
| Page 99, lines 5-11 | vague |
| Page 99, line 24-page 100, line 3 | vague |
| Page 100, lines 4-7 | vague |
| Page 100, lines 8-11 | vague |
| Page 100, lines 17-21 | vague |
| Page 102, lines 4-9 | vague, argumentative, assumes facts not in evidence |
| Page 102, lines 10-14 | vague |
| Page 102, lines 15-21 | vague, asked and answered |
| Page 103, line 24-page 104, line 4 | vague, assumes facts not in evidence |
| Page 104, lines 9-14 | vague, argumentative |
| Page 104, lines 15-20 | vague |
| Page 105, lines 5-9 | vague, argumentative, calls for speculation |
| Page 105, lines 10-22 | vague, argumentative, harassing |
| Page 105, line 23-page 106, line 4 | vague, calls for speculation |
| Page 106, lines 8-13 | vague, argumentative, calls for speculation |
| Page 106, lines 14-19 | vague, irrelevant, harassing |
| Page 106, line 23-page 107, line 2 | asked and answered |
| Page 107, lines 3-10 | asked and answered, vague |
| Page 107, lines 11-18 | vague, calls for speculation |
| Page 107, line 19-page 108, line 2 | vague, calls for speculation, calls for a legal conclusion |
| Page 108, lines 11-20 | vague, calls for speculation, asked and answered |
| Page 108, line 21-page 109, line 5 | argumentative, assumes facts not in evidence |
| Page 109, lines 15-18 | argumentative, calls for speculation |
| Page 110, lines 9-16 | vague, calls for speculation, calls for a legal conclusion |
| Page 110, lines 17-23 | vague, calls for speculation, calls for a legal conclusion |
| Page 111, lines 8-17 | vague, calls for a legal conclusion |
| Page 111, line 18-page 112, line 2 | argumentative, calls for a legal conclusion |
| Page 112, lines 3-9 | argumentative, calls for a legal conclusion, asked and answered |
| Page 112, lines 11-16 | argumentative, calls for a legal conclusion |
| Page 113, lines 3-7 | argumentative, calls for a legal conclusion |
| Page 113, lines 10-21 | vague, argumentative, calls for a legal conclusion |
| Page 113, line 23-page 114, line 6 | vague, harassing |
| Page 114, lines 10-11 | vague |
| Page 114, lines 12-19, | vague, argumentative |
| Page 114, line 20-24 | vague, harassing, irrelevant |
| Page 114, line 25-page 115, line 4 | relevance, vague, calls for speculation |
| Page 115, lines 5-12 | vague, argumentative |
| Page 117, line 25-page 118, line 2 | vague |
| Page 120, line 21-page 121, line 2 | vague, calls for speculation |
| Page 121, lines 3-9 | vague, argumentative, calls for speculation |
| Page 121, lines 10-12 | sidebar |
| Page 121, lines 13-23 | asked and answered, argumentative, harassing |
| Page 123, lines 1-4 | relevance |

| Page 123, lines 5-8 | sidebar |
| Page 123, lines 9-15 | relevance |
| Page 123, lines 16-19 | vague |
| Page 123, lines 20-21 | sidebar |
| Page 124, lines 1-8 | misstates testimony, argumentative |
| Page 124, lines 13-17 | vague |
| Page 124, lines 18-20 | vague, argumentative |
| Page 128, lines 2-11 | asked and answered |
| Page 130, lines 13-20 | vague, calls for speculation, calls for a legal conclusion |
| Page 130, lines 21-25 | vague, calls for speculation, calls for a legal conclusion |
| Page 131, lines 1-10 | vague, calls for speculation, assumes facts not in evidence |
| Page 132, lines 1-7 | calls for speculation |
| Page 132, lines 8-11 | calls for speculation |
| Page 132, lines 12-17 | vague, calls for speculation |
| Page 132, lines 18-21 | vague, calls for speculation |
| Page 133, lines 1-8 | vague, calls for speculation |
| Page 133, line 19-page 134, line 2 | argumentative, misstates prior testimony |
| Page 134, lines 3-12 | vague, assumes facts not in evidence |
| Page 134 | vague |
| Page 134, line 25-page 135, line 4 | sidebar |
| Page 135, lines 6-7 and 9 | sidebar |
| Page 135, lines 12-22 | vague |
| Page 136, lines 8-12 | sidebar, argumentative |
| Page 136, lines 15-17 | vague |
| Page 137, lines 17-25 | vague, argumentative |
| Page 138, lines 19-23 | argumentative, misstates facts not in evidence |
| Page 139, lines 14-21 | vague |
| Page 140, lines 1-4 | vague |
| Page 140, lines 14-17 | attorney client privilege |
| Page 140, line 25-page 141, line 2 | sidebar |
| Page 141, lines 17-24 | vague, calls for speculation |
| Page 141, line 25-page 142, line 4 | vague |
| Page 142, lines 8-13 | vague |
| Page 142, lines 14-24 | vague, calls for a legal conclusion |
| Page 143, lines 4-11 | misstates the legal standard |
| Page 143, lines 15-19 | vague |
| Page 143, line 23-page 144, line 2 | vague |

9.     Defendants object to the following pages and lines of Officer Leveston's deposition

attached to Plaintiffs' Response as Exhibit 9 (Doc. No. 175-11):

| **Page/Line** | **Objections** |
| Page 27, lines 7-10 | vague |

| | |
|---|---|
| Page 28, lines 17-21 | asked and answered |
| Page 31, lines 11-21 | calls for speculation, inadequate predicate |
| Page 33, lines 15-21 | calls for speculation |
| Page 40, line 24-page 41, line 25 | sidebar, vague, inadequate predicate, calls for speculation |
| Page 42, lines 12-17 | assumes facts not in evidence |
| Page 43, lines 3-13 | calls for speculation |
| Page 44, lines 13-16 | asked and answered |
| Page 46, lines 7-13 | inadequate predicate, calls for speculation |
| Page 46, lines 14-20 | inadequate predicate, calls for speculation |
| Page 47, lines 13-22 | asked and answered |
| Page 48, lines 3-10 | asked and answered |
| Page 54, lines 1-6 | argumentative |
| Page 64, lines 13-28 | asked and answered |
| Page 64, lines 19-23 | calls for speculation |
| Page 69, lines 14-23 | vague |
| Page 69, line 24-page 70, page 6 | asked and answered |
| Page 71, lines 1-10 | calls for a legal conclusion |
| Page 71, lines 14-20 | calls for speculation |
| Page 71, line 23-page 72, line 5 | calls for speculation |
| Page 72, lines 6-8 | calls for speculation |
| Page 72, lines 9-14 | calls for speculation |
| Page 72, lines 15-21 | calls for speculation, sidebar |
| Page 77, lines 19-24 | calls for speculation |
| Page 80, lines 13-17 | calls for speculation |
| Page 80, lines 18-24 | calls for speculation |
| Page 81, lines 5-8 | calls for speculation |
| Page 81, lines 9-14 | calls for speculation |
| Page 84, lines 3-8 | calls for speculation |
| Page 84, lines 9-20 | inadequate predicate |
| Page 86, lines 7-11 | calls for speculation, inadequate predicate |
| Page 86, lines 17-19 | asked and answered |
| Page 95, line 25-page 96, line 11 | vague, calls for speculation; sidebar |
| Page 96, lines 12-16 | argumentative |
| Page 97, lines 13-18 |  argumentative |
| Page 97, lines 19-page 98, line 1 | argumentative, calls for speculation and inadequate predicate |
| Page 112, lines 15-21 | misstates the witness's prior testimony, asked and answered |
| Page 113, lines 6-19 | vague, inadequate predicate, calls for speculation |
| Page 113, line 20-page 114, line 4 | vague, calls for speculation, inadequate predicate |
| Page 115, lines 11-16 | vague |
| Page 129, lines 2-6 | calls for a legal conclusion |
| Page 129, lines 7-16 | vague, calls for a legal conclusion |
| Page 129, line 25-page 130, line 8 | vague, calls for a legal conclusion |

| Page 130, lines 9-14 | calls for a legal conclusion, asked and answered |
|---|---|
| Page 130, line 20-page 131, line 1 | vague, inadequate predicate |
| Page 131, lines 2-6 | calls for a legal conclusion |
| Page 131, lines 7-14 | calls for a legal conclusion |
| Page 131, lines 15-23 | inadequate predicate, misstates the witness's testimony, misstates the evidence in this case, asked and answered |
| Page 131, line 24-page 132, line 3 | inadequate predicate, misstates the witness's testimony, misstates the evidence in this case, asked and answered |
| Page 132, lines 4-13 | vague, inadequate predicate |
| Page 132, lines 14-19 | vague, argumentative |
| Page 132, line 23-133, line 2 | vague, argumentative |
| Page 133, lines 3-12 | vague, calls for speculation, inadequate predicate |
| Page 133, line 20-page 134, line 1 | inadequate predicate, calls for speculation |
| Page 134, lines 2-8 | inadequate predicate, asked and answered |
| Page 134, lines 9-15 | inadequate predicate, misstates the witness's testimony |
| Page 134, lines 20-23 | argumentative |
| Page 134, line 24-page 135, line 3 | argumentative and asked and answered |
| Page 136, lines 8-11 | calls for speculation |
| Page 136, lines 13-18 | calls for speculation |
| Page 136, lines 19-24 | calls for speculation, inadequate predicate |
| Page 151, lines 8-18 | calls for speculation |
| Page 153, lines 2-5 | asked and answered |
| Page 153, lines 9-12 | argumentative |
| Page 153, lines 16-20 | argumentative |
| Page 154, lines 1-9 | argumentative, calls for speculation |
| Page 154, lines 10-17 | argumentative, calls for speculation |

10.    Defendants object to the following pages and lines of Deputy Green's deposition

attached to Plaintiffs' Response as Exhibit 9 (Doc. No. 175-12):

| Page/Line | Objections |
|---|---|
| Page 17, lines 12-19 | calls for speculation |
| Page 17, line 22-page 18, line 2 | calls for speculation |
| Page 32, lines 3-8 | calls for speculation |
| Page 33, lines 18-22 | vague |
| Page 34, lines 1-7 | calls for an expert opinion |
| Page 34, lines 8-23 | Argumentative, asked and answered |
| Page 34, lines 15-23 | argumentative, asked and answered |
| Page 36, lines 3-8 | inadequate predicate, calls for speculation |
| Page 51, lines 1-6 | calls for speculation |
| Page 52, line 12-page 53, line 4 | calls for speculation |
| Page 53, line 5-21 | calls for speculation |
| Page 59, line 21-page 60, line 2 | calls for speculation |
| Page 64, lines 14-19 | calls for speculation |

| | |
|---|---|
| Page 64, line 25 - page 65, line 6 | calls for speculation, inadequate predicate |
| Page 91, lines 1-6 | argumentative and harassing |
| Page 91, lines 7-18 | mischaracterizes the witness's testimony, argumentative and harassing |
| Page 91, lines 19-24 | calls for speculation and asked and answered |
| Page 92, lines 11-16 | vague |
| Page 100, lines 4-7 | argumentative |
| Page 100, lines 8-16 | vague, inadequate predicate |
| Page 101, lines 1-6 | calls for speculation and assumes facts not in evidence |
| Page 102, lines 3-5 | vague, inadequate predicate, calls for speculation |
| Page 102, lines 6-14 | assumes facts not in evidence |
| Page 103, lines 13-18 | calls for speculation |
| Page 105, lines 3-5 | objection form |
| Page 105, lines 9-12 | calls for speculation |
| Page 105, lines 13-15 | calls for speculation |
| Page 105, line 21-page 106, line 4 | mischaracterizes the witness's testimony |
| Page 106, lines 5-10 | mischaracterizes the witness's testimony |
| Page 109, line 23-page 110, line 2 | mischaracterizes the witness's testimony |
| Page 110, lines 6-9 | calls for speculation |
| Page 110, line 13-18 | vague, calls for speculation |
| Page 111, lines 10-15 | vague |
| Page 111, line 21-page 112, line 3 | calls for speculation |
| Page 112, lines 14-19 | mischaracterizes the witness's testimony |
| Page 112, lines 20-24 | mischaracterizes the facts |
| Page 136, lines 5-12 | calls for a legal conclusion |
| Page 136, lines 13-17 | vague |
| Page 136, line 22-page 137, line 2 | argumentative |
| Page 137, lines 8-14 | calls for speculation |
| Page 137, lines 15-23 | calls for speculation |
| Page 137, line 24-page 138, line 4 | vague |
| Page 139, lines 2-8 | calls for speculation |
| Page 139, lines 9-14 | vague, calls for speculation |
| Page 139, lines 15-20 | mischaracterizes the witness's testimony |
| Page 143, lines 14-20 | calls for speculation, inadequate predicate |
| Page 149, lines 5-9 | sidebar |
| Page 149, line 21-page 150, line 1 | vague, argumentative |
| Page 150, lines 6-8 | vague |
| Page 150, lines 14-18 | vague |
| Page 150, line 22-page 151, line 1 | calls for a legal conclusion |
| Page 151, lines 7-12 | argumentative, calls for speculation |
| Page 151, lines 19-23 | argumentative, calls for speculation |
| Page 154, lines 1-11 | calls for speculation |
| Page 154, lines 12-23 | calls for speculation |
| Page 155, lines 3-8 | argumentative, calls for speculation |
| Page 155, lines 9-12 | argumentative |

| Page 155, line 23-page 156, line 5 | calls for speculation |
| Page 160, lines 6-10 | calls for speculation |

11.     Defendants object to the following pages and lines of Deputy Morris's deposition

given in this cause and attached to Plaintiffs' Response as Exhibit 10 (Doc. No. 175-13):

| Page/Line | Objections |
|---|---|
| Page 13, lines 5-10 | vague |
| Page 13, line 22-page 14, line 2 | vague |
| Page 14, lines 5-10 | vague |
| Page 14, lines 15-19 | vague, calls for speculation |
| Page 14, line 20-page 15, line 5 | sidebar, calls for speculation |
| Page 15, lines 12-25 | vague, calls for speculation |
| Page 16, lines 1-7 | sidebar |
| Page 17, lines 22-25 | calls for speculation |
| Pag2 32, line 20-page 33, line 3 | argumentative |
| Page 33, lines 15-18 | asked and answered twice |
| Page 35, lines 12-19 | calls for speculation |
| Page 52, lines 16-20 | sidebar |
| Page 52, lines 21-24 | sidebar |
| Page 53, lines 18-23 | sidebar |
| Page 53, line 24-page 54, line 4 | asked and answered |
| Page 54, line 19-page 55, line 2 | calls for speculation, inadequate predicate, calls for an expert opinion |
| Page 61, lines 2-8 | assumes facts not in evidence, mischaracterizes the evidence |
| Page 61, lines 9-25 | calls for speculation, sidebar |
| Page 83, lines 8-11 | calls for speculation |
| Page 87, line 22-page 88, line 1 | calls for speculation |
| Page 90, lines 15-21 | argumentative |
| Page 93, lines 6-10 | calls for speculation |
| Page 116, lines 14-19 | calls for speculation |

12.     Defendants object to the following pages and lines of Officer Kneitz's deposition

attached to Plaintiffs' Response as Exhibit 11 (Doc. No. 175-14):

| Page/Line | Objections |
|---|---|
| Page 15, lines 1-8 | asked and answered, assumes facts not in evidence |
| Page 15, line 23-page 16, line 6 | asked and answered, assumes facts not in evidence |
| Page 18, lines 18-23 | calls for speculation |
| Page 19, lines 13-16 | calls for speculation |
| Page 19, lines 20-23 | vague, inadequate predicate |
| Page 25, lines 11-21 | misstates the witness's testimony |

| | |
|---|---|
| Page 27, lines 15-20 | vague |
| Page 33, lines 16-22 | calls for speculation, inadequate predicate |
| Page 35, lines 3-8 | calls for speculation, inadequate predicate |
| Page 36, lines 9-19 | calls for speculation, inadequate predicate, vague |
| Page 37, lines 5-15 | calls for speculation, inadequate predicate |
| Page 37, line 19-page 38, line 5 | calls for speculation, inadequate predicate, misstates the facts in evidence, misstates the witness's testimony |
| Page 39, line 17-page 40, line 3 | argumentative, vague, harassing |
| Page 40, lines 4-7 | object to Plaintiffs' attorney testifying |
| Page 40, lines 13-18 | asked and answered |
| Page 40, lines 19-24 | calls for speculation |
| Page 41, lines 5-9 | calls for speculation |
| Page 41, lines 16-21 | calls for speculation |
| Page 41, lines 22-25 | calls for speculation |
| Page 43, lines 2-9 | asked and answered |
| Page 43, lines 12-19 | vague, calls for speculation |
| Page 46, lines 10-20 | vague, calls for speculation |
| Page 47, line 23-page 48, line 6 | calls for speculation |
| Page 49, lines 18-22 | calls for speculation |
| Page 53, lines 10-14 | vague |
| Page 56, lines 2-11 | vague |
| Page 57, line 25-page 58, line 6 | vague |
| Page 58, lines 7-12 | vague |
| Page 65, lines 16-24 | calls for a narrative |
| Page 68, line 21-page 69, line 2 | misstates the evidence |
| Page 69, lines 14-18 | asked and answered |
| Page 69, line 19-page 70, line 2 | calls for speculation, inadequate predicate |
| Page 70, line 17-page 71, line 1 | calls for speculation, inadequate predicate, argumentative |
| Page 71, lines 13-24 | calls for speculation, inadequate predicate, argumentative |
| Page 72, lines 2-9 | calls for speculation, inadequate predicate |
| Page 73, lines 14-16 | sidebar |
| Page 74, lines 1-10 | vague, inadequate predicate, asked and answered, argumentative, calls for speculation |
| Page 74, lines 11-21 | mischaracterizes the witness's testimony, vague, calls for speculation |
| Page 76, lines 7-15 | vague, inadequate predicate, calls for speculation |
| Page 76, line 20-page 77, line 2 | vague, calls for speculation, inadequate predicate |
| Page 77, lines 9-14 | vague, calls for speculation, inadequate predicate |
| Page 77, lines 15-22 | vague |
| Page 78, lines 2-11 | vague, calls for speculation, inadequate predicate |
| Page 78, lines 12-19 | calls for speculation, argumentative, assumes facts not in evidence |
| Page 79, lines 4-12 | argumentative |

| | |
|---|---|
| Page 79, lines 18-23 | calls for speculation |
| Page 80, lines 16-24 | calls for speculation |
| Page 82, lines 13-19 | calls for speculation, inadequate predicate |
| Page 83, line 21-page 84, line 5 | calls for speculation, assumes facts not in evidence, inadequate predicate |
| Page 84, line 11-page 85, line 2 | argumentative |
| Page 85, lines 21-24 | calls for speculation, inadequate predicate |
| Page 85, line 25-page 86, line 15 | argumentative, calls for speculation, inadequate predicate |
| Page 86, line 24-page 87, line 16 | argumentative, calls for speculation, inadequate predicate |
| Page 88, lines 3-8 | calls for speculation, assumes facts not in evidence, vague |
| Page 90, lines 17-22 | vague |
| Page 90, line 23-page 91, line 5 | vague |
| Page 92, lines 20-25 | calls for speculation |
| Page 93, lines 8-11 | calls for speculation, inadequate predicate |
| Page 93, lines 14-17 | calls for speculation |
| Page 93, lines 18-23 | calls for speculation |
| Page 93, line 24-page 94, line 6 | calls for speculation |
| Page 94, lines 17-22 | calls for speculation, inadequate predicate |
| Page 95, lines 12-18 | argumentative |
| Page 96, lines 8-15 | calls for speculation, inadequate predicate |
| Page 96, lines 20-24 | calls for speculation |
| Page 97, lines 4-8 | calls for speculation |
| Page 97, lines 9-15 | calls for speculation |
| Page 97, lines 16-21 | argumentative |
| Page 97, line 22-Page 98 | line 2, argumentative |
| Page 98, lines 15-25 | calls for speculation, inadequate predicate |
| Page 99, lines 9-23 | calls for speculation, inadequate predicate |
| Page 99, line 24-page 100, line 9 | calls for speculation, mischaracterizes the witness's testimony and the evidence in this case |
| Page 102, lines 18-22 | vague, calls for speculation |
| Page 103, lines 6-8 | calls for speculation |
| Page 104, lines 3-12 | sidebar |
| Page 106, lines 8-12 | vague |
| Page 106, lines 18-22 | asked and answered |

13.     Defendants object to the following pages and lines of Officer Bell's deposition attached to Plaintiffs' Response as Exhibit 14 (Doc. No. 175-17):

| Page/Line | Objections |
|---|---|
| Page 21, line 23-page 22, line 12 | inadequate predicate, calls for speculation |
| Page 22, line 20-page 23, line 5 | inadequate predicate, assumes facts not in evidence |

| Page 23, lines 7-14 | vague, argumentative, inadequate predicate |
|---|---|
| Page 23, lines 15-21 | argumentative, inadequate predicate |
| Page 25, lines 5-9 | vague |
| Page 25, lines 10-14 | vague |
| Page 25, lines 15-20 | argumentative, inadequate predicate |
| Page 27, lines 6-9 | argumentative |
| Page 27, lines 14-19 | mischaracterizes the evidence |
| Page 28, lines 2-8 | argumentative |
| Page 28, lines 9-21 | argumentative |
| Page 28, line 22-page 29, line 1 | argumentative, calls for speculation |
| Page 30, line 20-page 31, line 2 | vague, inadequate predicate, asked and answered, calls for a legal conclusion |
| Page 34, lines 13-17 | argumentative, inadequate predicate |
| Page 34, lines 18-21 | argumentative |
| Page 34, line 22-page 35, line 3 | argumentative, calls for speculation |
| Page 35, lines 18-25 | vague, argumentative, inadequate predicate |
| Page 36, lines 3-7 | argumentative, calls for speculation |
| Page 38, lines 11-15 | calls for speculation |
| Page 38, lines 19-23 | calls for speculation, assumes facts not in evidence |
| Page 39, lines 2-8 | calls for speculation |
| Page 39, lines 9-14 | calls for speculation |
| Page 43, lines 8-12 | assumes facts not in evidence |
| Page 43, lines 13-20 | assumes facts not in evidence |
| Page 43, lines 21-24 | assumes facts not in evidence |
| Page 45, lines 6-12 | vague, assumes facts not in evidence |
| Page 46, lines 16-25 | vague, assumes facts not in evidence |
| Page 47, lines 11-22 | vague, inadequate predicate |
| Page 48, line 25-page 49, line 7 | vague, argumentative, asked and answered |
| Page 49, lines 11-14 | argumentative |
| Page 50, lines 2-6 | calls for speculation |
| Page 56, lines 18-22 | inadequate predicate |
| Page 56, line 23-page 57, line 10 | calls for speculation |
| Page 57, lines 12-17 | calls for speculation |
| Page 57, lines 18-23 | argumentative assumes facts not in evidence |
| Page 57, line 24-page 58, line 3 | calls for speculation |
| Page 58, lines 4-11 | calls for speculation, calls for a legal conclusion |
| Page 58, lines 17-20 | calls for a legal conclusion |
| Page 59, lines 2-6 | calls for a legal conclusion |

14.     Defendants object to the admission of the following opinions in the Plaintiffs'

Exhibit 24 (Doc. No. 175-17), the Expert Report of Ron McAndrew:

a.   "Mr. Lucas reported at his initial medical evaluation that he took Xanax daily, and was experiencing withdrawal symptoms."   Plaintiffs' Exhibit 24, page 5. It is undisputed that Defendants were not provided with any medical information about Kenneth Lucas, including his initial medical evaluation. Plaintiffs themselves have introduced evidence to that effect. This opinion is thus irrelevant to Plaintiffs' claims against Defendants, would be confusing, and is prejudicial.

b.   "Mr. Lucas was never treated for the Xanax withdrawal, despite seeing multiple medical providers during his short incarceration.  His behavior became stranger and more irrational during his short incarceration." Plaintiffs' Exhibit 24, page 5.  This opinion should not be admitted against the Defendants, as there is no evidence that they had any knowledge of the treatment or lack of treatment of Kenneth Lucas. It is undisputed that due to the policies of the Sheriff's Office, Defendants were not permitted to receive information about a detainee's medical condition or history at the time of the extraction, including Kenneth Lucas.  Plaintiffs themselves have introduced evidence of this fact. Admission of this opinion is thus irrelevant, confusing and prejudicial to Defendants.

c.   "In June 2009, almost five years before Mr. Lucas's death, the U.S. Department of Justice had sent a finding letter to the Harris County Sheriff, Adrian Garcia….Among many other findings, the Department of Justice expressed "serious concern" that the Harris County Jail does not train staff that hogtying and chokeholds are dangerous, prohibited practices."  The Department specifically cautioned that during "planned uses of force", including cell extractions, jailers should consult with medical staff before using force.  (DOJ Findings, 15.  The

Department found "staff use hazardous restraint and force techniques without appropriate guidance or sanction."   DOJ Findings, 16. Despite this prophetic warning, Mr. Lucas died while Harris County officers effectively hogtied him." Plaintiffs' Exhibit 24, pages 7-8.  This opinion and discussion of the DOJ Findings Letter should not be admitted against Defendants.  See Defendants' their Motion to Strike Plaintiffs' Counsel's Affidavit and Certain Exhibits; see also Paragraph 6, supra.

d.      "The force used was objectively excessive to the need, as Mr. Lucas was not actively harming anyone (including himself) when the decision to extract him was made, the officers were aware he was behaving bizarrely and had removed the smoke detector and were closely monitoring his behavior."  See Plaintiffs' Exhibit 24, Page 8.   This opinion should not be admitted against the Defendants, as Plaintiffs themselves have introduced evidence that Defendants did not make the decision to activate the Detention Command Containment Team ("DCCT"); that decision was made by Lt. Anderson on behalf of the Sheriff's Office.   See Plaintiffs' Exhibit 5, page 17, lines 9-11 .  Additionally, this opinion is confusing and prejudicial.  There is no evidence that Defendants were "closely monitoring" Kenneth Lucas' behavior; their sole role was to perform the extraction as members of the DCCT.  Finally, in performing the extraction, Defendants were acting pursuant to Harris County policies, procedures and training.

e.      "Third, if a cell extraction really was necessary (though it was not), a member of the medical staff should have been present to monitor Mr. Lucas' health closely during the extraction…Harris County now requires a medical staff member and a

separate 'safety officer' participate in each cell extraction."  See Plaintiffs' Exhibit 24, page 9.  This opinion should not be admitted against Defendants.  As discussed above, Defendants did not make the decision to extract Kenneth Lucas on February 17, 2014, nor did they have any input into the decision to extract.  Defendants had no control over the protocol set out by the Sheriff's Office with regard to the presence of medical and/or safety officer personnel during an extraction.  Admission of this opinion is thus irrelevant to Plaintiffs' claim against Defendants individually, would be confusing, and is prejudicial to them.

f.    "2 "Though I do not make any determinations regarding credibility, it is hard to believe that officers were unable to hear Mr. Lucas during the extraction due to their protective helmets.  I have worn similar helmets in the past, and they do not significantly prevent anyone from hearing." See Plaintiffs' Exhibit 24, page 10, footnote 2.   This is clearly an improper credibility determination by Mr. McAndrew, and should be excluded as such.

g.    "Even after acknowledging Mr. Lucas had died, the officers involved seemed unconcerned about the consequences of their actions…".  See Plaintiffs' Exhibit 24, page 11.  This opinion is wholly irrelevant to the qualified immunity analysis, is untrue and completely inappropriate.   It should be excluded as improper credibility determination, irrelevant and highly prejudicial.

## SUMMARY OF THE ARGUMENT

15.    Plaintiffs have sued Defendants, the members of the Sheriff's Office DCCT who extracted Kenneth Lucas from his cell on February 17, 2014, in their individual capacities.  At all times relevant hereto, Defendants were acting within the scope of their authority as peace and/or

detention officers, were performing discretionary duties, and were acting in good faith. Defendants are entitled to qualified immunity. Each of the Defendants' actions must be considered separately for purposes of the qualified immunity analysis. While there are some common legal issues with regard to Defendants, Plaintiffs bear the burden of overcoming each individual Defendant's entitlement to qualified immunity. Plaintiffs have failed to carry their burden on all of their claims against Defendants, and Defendants are entitled to judgment as a matter of law.

### REPLY

### A.   FIFTH CIRCUIT AUTHORITY REQUIRES THAT EACH DEFENDANT'S ACTIONS BE CONSIDERED SEPARATELY

16.    Established Fifth Circuit authority provides that when considering Defendants' entitlement to qualified immunity, each of their actions must be considered completely separately from those of the other officers. Considering Defendants' actions collectively or as a group is improper for purposes of qualified immunity. See Meadours v. Ermel, 483 F.3d 417, 421 (5th Cir. 2007), citing Stewart v. Murphy, 174 F.3d 530, 537 (5th Cir. 1999); see also Hernandez v. Texas Dep't of Protective and Regulatory Servs., 380 F.3d 872, 883-84 (5th Cir. 2004)(examining the culpability of each individual defendant to determine if he deprived Plaintiff of a constitutional right); Atteberry v. Nocona General Hosp., 430 F.3d 245, 253 (5th Cir. 2005 (same); see also Tarver v. City of Edna, 410 F.3d 745, 752-54 (5th Cir. 2005)(examining the conduct of two officers independently and finding that one was entitled to qualified immunity and the other was not.) Accordingly, in its qualified immunity analysis, the Court must examine the conduct of each of the Defendants separately.

**B.  DEFENDANTS' USE OF FORCE AGAINST KENNETH LUCAS WAS OBJECTIVELY REASONABLE**

17.     Plaintiffs allege that Defendants used excessive force against Kenneth Lucas during the cell extraction.  To establish their claim, Plaintiffs must prove that the force used against Kenneth Lucas on February 17, 2014 was objectively unreasonable.  See Kinglsey v. Hendrickson, 135 S. Ct. 2466, 2470 (2015).[1]

18.     Plaintiffs rely on Gutierrez v. City of San Antonio, 139 F. 3d 441 (5th Cir. 1998) to support their position that Defendants used excessive deadly force against Kenneth Lucas on February 17, 2014, allegedly by placing him in a hogtie position.[2] In its opinion, however, the Fifth Circuit described its holding as "very limited".  See Gutierrez, Id. at 451.  The Fifth Circuit noted that "Both the San Diego Study and Criminal Law Update article suggest hog-tying may present a substantial risk of death or serious bodily harm only in a limited set of circumstances—*i.e.*, when a drug-affected person in a state of excited delirium is hog-tied and placed face down in a prone position."  See Gutierrez, Id. at 451.

19.     Gutierrez does not support Plaintiffs' position that Defendants are liable to them for the use of excessive force against Kenneth Lucas.  This case is factually different from Gutierrez in several respects.  First, the decedent in Gutierrez was actually hog-tied.  See Gutierrez at 443. See page 24, footnote 2. In this case, however, Plaintiffs contend that Kenneth Lucas was

---

[1]     In their Motion for Summary Judgment, Defendants Leveston, Bell, Green, Thomas and Kneitz argued that subjective deliberate indifference was required to establish Plaintiffs' use of force claim against them.  Defendants Leveston, Bell, Green, Thomas and Kneitz acknowledge that Kingsley establishes the proper standard and withdraw that portion of their argument.  See DOC. NO. 145.

[2]     It is undisputed that in Gutierrez, the San Antonio officers actually hogtied the decedent.  In Gutierrez, "Solis got his personal leg restraint device from the patrol car, a nylon rope with a loop on one end and a clasp on the other (a "hog-tie").  Walters placed the loop around Gutierrez's feet, and Solis linked the clasp around the handcuffs, drawing Gutierrez's legs backward at a 90 degree angle in an "L" shape, thereby 'hog-tying' him."  Gutierrez, Id at 443.  In this case, it is undisputed that Kenneth Lucas's hands and legs were not linked.  Thus, Lucas was not hog-tied.  Plaintiffs' case is based on their contention that Lucas was placed in a "hog-tie" position.

improperly placed in a "hog-tie position".  See Response, generally.  Because this case does not involve an actual hogtie, <u>Gutierrez</u> cannot be extended to these facts.  Further, <u>Gutierrez</u> did not provide notice to Defendants that the use of the prone position and the position of the officers for transport of Kenneth Lucas constituted unlawful deadly force.

20.     <u>Gutierrez</u> also requires that a "drug-affected person in a state of excited delirium", who is then placed face down in a prone position.  See <u>Gutierrez</u>, <u>Id</u>. at 451.  In <u>Gutierrez</u>, the officers were aware that the decedent was drug affected, as the decedent himself advised them that he had "shot some bad coke."  See <u>Gutierrez</u>, <u>Id</u> at 443.  Even if one were to extend the holding with regard to "drug-affected person in a state of excited delirium" who had "shot some bad coke" to include that of an inmate withdrawing from Xanax, there is no evidence that any of the Defendants had any knowledge of that fact that Kenneth Lucas was withdrawing Xanax, or indeed, of any other fact with regard to Kenneth Lucas' medical or mental health status or history.  No medical information about Inmate Lucas was communicated to the officers prior to his extraction.  At the time of this incident, detention personnel had been instructed by the Sheriff's Office that the HIPPA privacy law prevented any officer from being informed of any inmate's medical and/or mental health history.  See DOC. NO. 150, Exhibit "1", page 9.  Plaintiffs themselves have introduced evidence to this effect.  See Plaintiffs' Exhibit 5, Page 49, lines 11-19.[3]  Although Plaintiffs are very critical of the officers for not obtaining medical and/or mental health information with regard to Kenneth Lucas, it would have been futile for the officers to have requested that information from the Medical Division, as it would not have been provided.  See DOC. NO. 150, Exhibit "1", page 9.  Plaintiffs themselves have introduced evidence to this effect. See DOC. NO. 175, Exhibit 5, page 49, lines 11-21, line 23-page 50, line 5; page 50, line 25-page 51, line 3.

---

[3]     Lt. Anderson testified that she did not contact the clinic to find out more about Kenneth Lucas because the clinic would not have provided that information.

21.     Defendants' use of force against Kenneth Lucas was objectively reasonable under Kingsley because Defendants acted pursuant to their training, as well as pursuant to the policies and procedures of Harris County with regard to cell extractions and transport to the Harris County Jail Medical Clinic following a cell extraction which involved the use of force.   Plaintiffs themselves introduced that evidence in their Response with Exhibit 5, Lt. Anderson's deposition. At the time of the cell extraction of Kenneth Lucas, Lt. Anderson was the Watch Commander for the first shift at the Harris County Jail located at 1200 Baker Street, Houston.   Lt. Anderson was responsible for overseeing the entire shift, including overseeing the sergeants who oversee the detention officers.   See Exhibit 5, Page 6, lines 12-21.   According to policy, at that time, Lt. Anderson was permitted to activate the DCCT team based on her discretion.   See Exhibit 5, page 17, lines 23-25.   Prior to the extraction of Kenneth Lucas, Lt. Anderson had been involved in five to six other cell extractions.   Two of those cell extractions involved the use of a gurney.   On both of these occasions, in which a gurney was used, the inmates had been cuffed and shackled like Kenneth Lucas, and had been placed face down on the gurney as Kenneth Lucas was.   On those occasions, there had been a team member who straddled their legs, which were crossed and bent. Neither of the extractions resulted in any harm to the inmate.   See Plaintiffs' Exhibit 5, page 20, line 24-page 31, line 22.

22.     Lt. Anderson testified that the manner in which Kenneth Lucas was placed on the gurney for transport to medical following the extraction was as she had seen it done and participated in doing on prior occasions.   See Plaintiffs' Exhibit 5, page 31, line 23-Page 32, line 3.   Lt. Anderson also testified that the shackling of Kenneth Lucas's ankles, crossing his legs, bending them, an officer straddling the legs, two people holding his arms, one on each arm and his arms behind his back cuffed, facedown on the gurney was done according to Sheriff's Office

training.  See Plaintiffs' Exhibit 5, Page 32, lines 7-13.  Further, all of the above was according to the Sheriff's Office policies and procedure for an extraction and transport.  See Plaintiffs' Exhibit 5, page 32, lines 14-16.  See also DOC. NO. 150, Exhibit "1", page 10 ("I performed each of my duties in connection with the cell extraction of Inmate Lucas in the manner in which I had been trained and instructed to do by the Sheriff's Office.  As acting supervisor for the extraction of Inmate Lucas on February 17, 2014, I believe that each of the deputies on the DCCT performed his or her duties in the manner in which he or she had been trained and instructed by the Sheriff's Office, including the manner in which Inmate Lucas was transported to the clinic.  There is nothing that could have informed me and/or any of the members of the DCCT that the procedures deployed were in violation of any corrections procedure in light of following the established Harris County training and protocol."); see DOC. NO. 150, Exhibit "2", page 10 ("I was trained by the Sheriff's Office to cross, bend and cuff the legs of an inmate who is being transported to the Harris County medical clinic on a gurney.  I was also trained by the Sheriff's Office to hold the legs in that position in the situation in which the inmate is resisting. ..I have been trained by the Sheriff's Office not to hogtie an inmate....I performed each of my duties in connection with the cell extraction of Inmate Lucas in the manner in which I had been trained and instructed to do so by the Sheriff's Office.  As Team Leader for the extraction of Inmate Lucas on February 17, 2014, I believe that each of the deputies on the DCCT performed his duties in the manner in which he had been trained and instructed by the Sheriff's Office, including the manner in which Inmate Lucas was transported to the clinic.")

23.     Even if Gutierrez were to apply, which Defendants deny, there is nothing which would have informed Defendants that the procedures they deployed to extract Kenneth Lucas from his cell and transport him to the Harris County Jail medical clinic violated any corrections

procedure or violated Inmate Lucas' constitutional rights.  For this reason, Defendants' use of force[4] in connection with the cell extraction and transport of Kenneth Lucas on February 17, 2014 was objectively reasonable and Defendants are entitled to qualified immunity on this claim.

24.     In their Response, Plaintiffs contend that there was no need to enter the cell to confiscate the smoke detector.  See Response, page 72.  The summary judgment evidence establishes, however, that the decision to activate the DCCT was not made by Defendants.  Rather, the summary judgment evidence establishes that on February 17, 2014, Deputy Gordon was notified by Lt. Anderson that she might need to activate the DCCT.  After that, members of the DCCT were instructed by building page to report to the 6th floor training room of the Harris County Jail located at 1200 Baker Street.  See DOC. NO. 150, Exhibit "1", page 4.  Lt. Anderson activated the DCCT.  See Plaintiffs' Exhibit 5, page 17, lines 23-25.  Thus, to the extent that Plaintiffs complain about the team even being activated, that claim is unavailing as even Plaintiffs have introduced evidence that none of the Defendants activated the DCCT.

## C.   DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFFS' DEPRIVATION OF MEDICAL CARE CLAIM

25.     Plaintiffs allege that Defendants deprived Kenneth Lucas of medical care.  However, it is undisputed that after Inmate Lucas had been extracted from his cell, he was transported to the clinic to receive medical care.  Again, Plaintiffs themselves have introduced evidence that it was the Medical Division's "scene" once defendants arrived at the Harris County Jail clinic.  See Plaintiffs' Exhibit 5, page 36, lines 3-9; Page 38, lines 10-13 ("It was their [medical's] scene; lines 13-24 ("If [Nurse O'Pry] had asked the Defendants if she could roll Kenneth Lucas onto his back and handcuff and shackle him to the stretcher, the Defendants would have done that, because it was Lt. Anderson's responsibility to do what the medical staff is saying

---

[4]     Neither Deputy Gordon nor Officer Kneitz used any force in connection with Kenneth Lucas' cell extraction.

to do, because they are the ones who are in charge there.") Plaintiffs have cited no case which would put Defendants on notice that having transported an inmate to a medical provider such as a clinic, they are responsible for directing the inmate's medical care.  For these reasons, Defendants are entitled to judgment as a matter of law on this claim.

**D.    DEPUTY GORDON IS ENTITLED TO QUALIFIED IMMUNITY ON THE FAILURE TO SUPERVISE CLAIM**

26.    Plaintiffs have not pled a failure to supervise claim against Deputy Gordon per se. Nonetheless, in Paragraph 63 of the Fourth Amended Complaint, Plaintiffs allege that then Harris County Sheriff Adrian Garcia delegated his duty to supervise, train and direct County Jail officers and other staff to Deputy Gordon.  Plaintiffs further allege in Paragraph 63 of the Fourth Amended Complaint that Deputy Gordon was a policymaker for Harris County.  See DOC. NO.77, page  23.

27.    At the time of Kenneth Lucas' extraction, Deputy Gordon was a member of the DCCT and was assigned the acting supervisor position.  See DOC. NO. 150, Exhibit "1", page 5. It is undisputed that the cell extraction was performed by Defendants in the manner in which they had been trained by the Sheriff's Office, and pursuant to the policies and procedures of the Sheriff's Office.   Plaintiffs themselves have introduced evidence of this fact. See Plaintiffs' Response, Exhibit 5.  After Deputy Gordon unsuccessfully attempted to talk Kenneth Lucas into giving up the smoke detector, the DCCT entered the cell to extract Kenneth Lucas.  As he observed the officers assigned to the DCCT perform the extraction, Deputy Gordon observed that each officer performed his or her role in the manner which was prescribed by the Sheriff's Office.  See DOC. NO. 150, Exhibit "1".  There is no evidence of any other supervisory duties assigned by the Harris County Sheriff to Deputy Gordon, and no evidence that Deputy Gordon had been delegated the authority to train and direct Harris County Jail officers and staff.

28.   To establish a failure to supervise claim, Plaintiffs are required to establish a connection between the supervisor's action and the constitutional violation.  Specifically, Plaintiffs must establish that the supervisor (1) failed to supervise the officers; (2) there is a causal connection between the failure to supervise and the constitutional violation; (3) the supervisor acted with gross negligence or deliberate indifference.  See <u>Baker v. Putnal</u>, 75 F. 3d 190, 191 (5th Cir. 1996).

29.   Deputy Gordon denies that he is a supervisor; his role on February 17, 2014 was solely that of acting supervisor for the cell extraction of Kenneth Lucas, and for no other purpose. See DOC. NO. 150, Exhibit "1", page 5.  Even if Deputy Gordon were a supervisor, however, he is entitled to qualified immunity on this claim. First, there is no evidence of a failure to supervise on Deputy Gordon's part.  Second, as discussed above, the use of force against Kenneth Lucas on February 17, 2014 was objectively reasonable and thus did not violate Kenneth Lucas' Fourteenth Amendment rights.  See Section B, supra.  Finally, there is no evidence of deliberate indifference on Deputy Gordon's part.  As even Plaintiffs have conceded, Deputy Gordon and each of the other Defendants were acting in every respect with regard to the training and policies and procedures set out by the Sheriff's Office for cell extractions.  For these reasons, Deputy Gordon is entitled to qualified immunity on this claim.

E.   **PLAINTIFFS HAVE FAILED TO ESTABLISH THE REQUISITE CAUSATION**

30.   The Fifth Circuit has held that a Plaintiff seeking to recover on a wrongful death claim under Section 1983 must prove both the alleged constitutional deprivation required by Section 1983 and the causal link between the defendant's unconstitutional acts or omissions and the death of the victim, as required by the Texas Wrongful Death Statute.  Under the Texas Wrongful Death Act, liability may be predicated only on 'an injury that causes an individual's

death."  That is, a plaintiff seeking to recover under Texas's Wrongful Death statute must demonstrate that the Defendants' wrongful actions more likely than not caused the decedent's death—not just that they reduced the decedent's chance of survival by some lesser degree."  See Slade v. City of Marshall, 814 F. 3d 263, 265 (5th Cir. 2016).

31.    Plaintiffs introduced the Affidavit of their expert, Robert L. Cohen, MD in their Response.  See DOC. NO. 175, Exhibit 19.  At Page 16 of Doc. 175, Dr. Cohen opines "Any check of the vital signs [of Kenneth Lucas] in the clinic would likely have found that Lucas was exhibiting respiratory distress.  At the early stages, this would have included a high pulse as the body attempted to get more oxygen.  At its latter stages, this would have included a lower blood pressure as the heart began to fail.  Had the vital signs been taken immediately and monitored throughout Mr. Lucas' time in the infirmary, and had the hog tie position[5] been changed promptly, Lucas would in all probability have survived without neurologic and cardiac compromise due to a lack of oxygen."

32.    Defendants deny that they engaged in any wrongful conduct.  However, even if they had hogtied Kenneth Lucas, which they deny, this did not cause his death in the manner required by the Texas Wrongful Death Act.  Plaintiffs' expert opines that Kenneth Lucas's death was essentially caused by the failure to change his position, and the failure to take his vital signs immediately and monitor his vital signs.  This was the responsibility of the medical personnel, and not that of Defendants. There is no genuine issue of material fact, and Defendants are entitled to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendants Harris County Sheriff's Office Deputy David Gordon, Deputy Xavier Leveston, Detention Officer Broderick Green, Detention

---

[5]     Defendants deny that they hogtied Kenneth Lucas.

Officer Alicia Scott, now known as Riley Scott, Detention Officer Jesse Bell, Detention Officer

Morris Thomas, and Detention Officer Adam Kneitz in their Individual Capacities respectfully

request that the Court grant their Motion for Summary Judgment in its entirety and for such other

and further relief to which they may show themselves entitled.

Respectfully submitted,

OF COUNSEL:

VINCE RYAN
HARRIS COUNTY ATTORNEY

**/S/  Mary E. Baker**
MARY E. BAKER
Senior Assistant County Attorney
State Bar No. 08534000
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone:  (713) 274-5133
Facsimile: (713) 755-8924
E-mail: mary.baker@cao.hctx.net

ATTORNEY-IN-CHARGE FOR DEFENDANTS
HARRIS COUNTY SHERIFF'S OFFICE
DEPUTY DAVID GORDON,
DEPUTY XAVIER LEVESTON,
DETENTION OFFICER BRODERICK GREEN,
DETENTION OFFICER RILEY SCOTT,
DETENTION OFFICER JESSE BELL,
DETENTION OFFICER MORRIS THOMAS,
AND DETENTION OFFICER ADAM KNEITZ
IN THEIR INDIVIDUAL CAPACITIES

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2018, a true and correct copy of **DEFENDANTS' AMENDED OBJECTIONS AND REPLY TO PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** was delivered to all counsel of record pursuant to the Federal Rules of Civil Procedure via CM/ECF system:

W. Mark Lanier
wml@lanierlawfirm.com
Lawrence P. Wilson
larry.wilson@lanierlawfirm.com
Benjamin T. Major
benjamin.major@lanierlawfirm.com
The Lanier Law Firm, PC
6810 FM 1960 West
Houston, Texas 77069
Attorneys for Plaintiffs Denise Collins, Kenneth Lucas and Casandra Salcido, as next friend of minor children, K.L. and C.L.

Jeff Edwards
jeff@edwards-law.com
Scott Medlock
scott@edwards-law.com
The Edwards Law Firm
The Haehnel Building
1101 E. 11th Street
Austin, Texas 78702
Attorneys for Plaintiff Deidre McCarty, on behalf of her minor children, K.J.L. and T.J.L.

Roy W. Smith
roy.w.smith@live.com
2616 South Loop West, Suite 670
Houston, Texas 77054
Jonathan D. Goins
j.goins@goinslaw.com
Attorneys for Plaintiff Amber Lucas, Individually and as Representative of the Estate of Kenneth Christopher Lucas, Deceased

Laura Beckman Hedge
laura.hedge@cao.hctx.net
Assistant County Attorney
Keith A. Toler
keith.toler@cao.hctx.net
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Attorneys for Defendant Harris County, Texas

Edward J. Kroger
kroger@krogerlaw.com
Kroger Burrus
3100 Weslayan, Suite 300
Houston, Texas  77027
Attorney for Defendants Laxman Sunder, MD. and Carrie O'Pry

**/S/  Mary E. Baker**
MARY E. BAKER
Senior Assistant County Attorney