# In the United States District Court
## for the Southern District of Texas
## Houston Division

| | |
|---|---|
| CASANDRA SALCIDO, et al, § <br>    Plaintiffs, § <br> § <br> v. § <br> § <br> HARRIS COUNTY, TEXAS, et al, § <br>    Defendants. § <br> § | Civil Action No. 4:15-cv-02155 <br><br> Jury Demand |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' OPPOSED MOTION TO STRIKE DEFENDANT HARRIS COUNTY'S APPENDIX EXHBITIS 2 & 3 & PORTIONS OF DEFENDANT OFFICERS' EXHIBIT 7

To the Honorable Sim Lake, United States District Judge:

Defendants Harris County, Texas, and Individual Officer Defendants respond in opposition to Plaintiffs' Opposed Motion to Strike Defendant Harris County's Appendix Exhibits 2 and 3 and Portions of Defendant Officers' Exhibit 7, [Doc. 179], respectfully showing the Court the following:

### SUMMARY OF THE ARGUMENT

Defendants did not introduce evidence of Kenneth Lucas's violent criminal history as character evidence. Rather, Defendants introduced the extrinsic evidence in their defense against Plaintiffs' claims that Lucas was a peaceful, nonviolent inmate who did nothing warranting extraction from his cell. The evidence shows why Lucas was housed in maximum security and why he was involuntarily extracted from his cell when he possessed a weapon made out of the large, metal smoke detector he ripped off the ceiling. This evidence also shows Lucas intended to resist arrest and assault the officers, Lucas knew what he was doing, and there was no mistake or accident in resisting arrest and assaulting the officers.

Extrinsic evidence of Lucas's prior criminal history was limited only to similar criminal convictions for evading arrest and his three assault convictions. This

evidence is directly relevant to Harris County's defenses and for other purposes, and is not substantially outweighed by unfair prejudice because Plaintiffs raised the issue and it is the only evidence Defendants have to defend themselves against Plaintiffs' allegations that Lucas was peaceful and nonviolent. Because the evidence is relevant, not unduly prejudicial, and admissible, the Court should deny Plaintiffs' motion to strike.

## NATURE & STAGE OF THE PROCEEDING

Plaintiffs filed this lawsuit on July 28, 2015, asserting section 1983 and ADA claims against Defendants arising out of the death of Kenneth Lucas on February 17, 2014. Doc. 1. *See also* Doc. 77 (Fourth Amended (live) Complaint). On February 2, 2018, Harris County moved for summary judgment on all of Plaintiffs' claims against it. Doc. 152. All Individual Defendants likewise moved for summary judgment. *See* Docs. 145, 146, 147, 148, & 150.

On April 9, 2018, Plaintiffs responded and moved to strike two of Harris County's exhibits in support of its motion for summary judgment and portions of Individual Defendant's exhibit. Docs. 175 & 179. The exhibits Plaintiffs moved to strike are official records showing Kenneth Lucas's criminal history. Defendants now respond in opposition and request the Court deny Plaintiffs' motion to strike.

## ARGUMENT & AUTHORITIES

Plaintiffs challenge Harris County's evidence showing Kenneth Lucas was convicted of (1) misdemeanor evading arrest in 1995, (2) misdemeanor assault causing bodily injury in 1997, (3) misdemeanor assault in 1999, (4) felony assault of a family member by impeding breathing or circulation in 2012, and (5) assault causing bodily injury to a former girlfriend in 2013. Doc. 152 at p. 16. *See also* Exhibits 2 and 3 filed under seal in support of Doc. 152. Docs. 155–158. Harris

County did not use Lucas's other, non-relevant convictions, for example his harassment and theft charges. *Id.*

Although extrinsic evidence of a crime, wrong, or other act is inadmissible to prove that on a particular occasion the person acted in accordance with their character, Federal Rule of Evidence 404(b) allows such evidence for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. FED. R. EVID. 404(b). Such evidence is admissible so long as it is relevant to the issues and is not substantially outweighed by prejudice. FED. R. EVID. 401, 402, 403. *See also United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc) (setting forth two-step test under Rule 404(b): (1) whether the extrinsic evidence is relevant to an issue other than a party's character, and (2) whether the evidence possesses probative value that is not substantially outweighed by undue prejudice).

## I. Defendants did not introduce Lucas's prior criminal history as character evidence

Plaintiffs erroneously argue the contested exhibits are irrelevant, prejudicial, and inadmissible because Defendants offer the exhibits "for the sole purpose of attacking Kenneth [Lucas's] character." However, Defendants did not introduce Lucas's prior criminal history to attack his character, but rather as essential elements of their defense and to prove intent, knowledge, absence of mistake, and lack of accident.

Plaintiffs' complaint alleges, "Although Mr. Lucas was upset, he was locked in a cell unarmed and did not pose a threat to the Officers, other County employees, himself, or inmates and detainees." Doc. 77 at p. 7. Plaintiffs' complaint further alleges "Lucas was an unarmed, nonviolent pretrial detainee" and "Lucas did not fight with the Officers, was in a secure environment, [and] was not resisting or threatening to resist . . . " *Id.* at 20. Most egregiously and without support, Plaintiffs' complaint

3

(like their motion to strike and their response to Defendants' motions for summary judgment) alleges Harris County and the Individual Defendants "killed" Lucas. Doc. 77 at pp. 4, 5, 8, 10, 20; Doc. 179 at pp. 2, 3, 7. *See also generally* Doc. 175.

Moreover, Plaintiffs' argument that the officers did not know of Lucas's violent criminal history prior to extracting him from his cell is a red herring. Even if the officers did not know the particulars of Lucas's criminal history before the cell extraction, the mere fact he was in a maximum-security cellblock gave notice to the officers that Lucas was a violent offender. As HCSO's Separation Policy (No. D-219) shows, which Harris County attached as Exhibit 15 to its Amended Motion for Summary Judgment, administrative separation is "a single-occupancy cell for the purpose of isolating the inmate from other inmates." Docs. 155–58 (filed under seal). Thus, even if the officers did not know the particulars of Lucas's prior criminal history (which Defendants' do not concede), they knew he was violent because he was housed in a maximum-security cellblock.

Harris County did not introduce evidence of Lucas's prior criminal history to show he acted in conformity therewith during the incident at bar. Indeed, the entire incident was captured on video, which shows Lucas's violent interaction with the officers. Instead, Harris County limited its use of this evidence to defend against Plaintiffs' claims that Lucas was nonviolent and did not fight with the officers or threaten them. The only evidence Harris County introduced and relied on was evidence of Lucas's criminal convictions for evading arrest and assault, which are directly relevant to Harris County's defenses.

**II.     Lucas's prior criminal convictions are admissible to prove intent to resist arrest and to assault the extraction team officers**

Lucas's prior criminal convictions are relevant to his intent to resist arrest by the extraction team and to assault the extraction team. "Intent, of course, may be shown through extrinsic proof of prior acts." *Carson v. Polley*, 689 F.2d 562, 573

4

(5th Cir. 1982) (citations omitted). "[T]he relevancy of the extrinsic evidence derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and the charged offenses. The reasoning is that because the defendant had unlawful intent in the extrinsic offense, it is less likely that he had lawful intent in the present offense." *Id.* (quoting *Beechum*, 582 F.2d at 911).

Here, the extrinsic evidence of Lucas's prior convictions for evading arrest and for three assault charges is directly relevant to the issue of whether Lucas resisted arrest by the extraction team and attempted to assault the extraction team. While the video of the incident shows Lucas resisting arrest, it does not clearly show Lucas's actions when the extraction team first entered Lucas's cell and when Lucas swung his makeshift weapon at the officers in an attempt to assault them. Given that Lucas was previously convicted for unlawful intent in committing prior offenses of evading arrest and assault, it is less likely that he had lawful intent in resisting arrest and attempting to assault the officers here.

**III.  Lucas's prior criminal conviction are admissible to show Lucas knew what he was doing because he has done it before**

Lucas's prior criminal convictions are also "admissible to show that [Lucas] knew what he was doing because he has done it before." *United States v. JLM Aviation Int'l, Inc.*, 122 F.3d 1066, No. 96-50326, 1997 WL 464524, at *4 (5th Cir. July 25, 1997) (per curiam). Prior to his last incarceration, Lucas had served time for three separate assault convictions and served probation for his evading arrest conviction. Lucas knew, at the time of his cell extraction, that he was resisting arrest and attempting to assault the officers because he had done it before.

**IV.  Lucas's prior criminal convictions are admissible to show absence of mistake or lack of accident**

For similar reasons, the extrinsic evidence of Lucas's prior criminal convictions for evading arrest and assault show Lucas did not mistakenly or

5

accidentally resist arrest or mistakenly or accidentally attempt to assault the entering extraction team. Because Lucas is deceased, he cannot testify about whether he intended to resist arrest and assault the officers. Thus, his prior criminal convictions are the only evidence available to Harris County to defend itself against Plaintiffs' claims to the contrary.

V.  **The probative value of Lucas's criminal convictions is not substantially outweighed by a danger of unfair prejudice**

The relevancy of Lucas's prior criminal history is not substantially outweighed by a danger of unfair prejudice. FED. R. EVID. 403. "'In determining the probative value of extrinsic evidence, the court should consider the overall similarity between the extrinsic and charged offenses'; the more similar the two offenses, the more likely the extrinsic evidence is probative." *Williams v. Pearl River Cnty. Sheriff's Dept.*, 29 F.3d 624, No. 93-7532, 1994 WL 3950537, at *2 (5th Cir. July 6, 1994) (quoting *United States v. Elwood*, 999 F.2d 814, 816 (5th Cir. 1993); in accord with *Lamar v. Steele*, 693 F.2d 559, 561 (5th Cir. 1982)). The charges for evading arrest and assault are similar to Defendants' contention that Lucas resisted orders to give up his makeshift weapon, resisted arrest by the extraction team, and attempted to assault them as the officers as they entered his cell. Thus, the extrinsic evidence has a high probative value to Defendants' defenses in this case.

Moreover, there is little to no danger of unfair prejudice. Without any support whatsoever—and contradicted by the video in this case—Plaintiffs allege Lucas was a peaceful, nonviolent inmate whose actions did not warrant a cell extraction.[1] The video does not show Lucas attempting to assault the officers as they entered Lucas's cell, and thus extrinsic evidence of his criminal convictions shows Lucas intended to

---

[1]  *E.g.*, Doc. 175 (Plaintiffs' response) at p. 46 of 168 ("[Lucas] did not actually pose any risk to himself or others before Defendants . . . extracted him from his cell.").

6

resist arrest and assault the officers. Plaintiffs also repeatedly argue the officers "killed" Lucas. Plaintiffs cannot hide behind unsupported accusations and then challenge Defendants' ability to defend themselves. The only unfair prejudice would be to Defendants if this evidence is excluded because Defendants' will be hindered from defending against Plaintiffs' unsupported assertions.

## CONCLUSION & REQUEST FOR RELIEF

Because Defendants limited their offer of Lucas's prior criminal history as evidence of his intent, knowledge, absence of mistake, and lack of accident—rather than as character evidence—the evidence is relevant and not substantially outweighed by a danger of unfair prejudice. The evidence is admissible and should not be stricken

For these reasons, Defendants respectfully request the Court to deny Plaintiffs' Motion to Strike and for such other and further relief to which the Court finds Defendants justly entitled.

**Date: June 15, 2018**

Respectfully submitted,

By: */s/ Keith A. Toler*
**LAURA BECKMAN HEDGE**
Assistant County Attorney
**Attorney-in-Charge**
Texas Bar No. 00790288
Southern District of Texas No. 23243

Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5137
Fax: (713) 755-8924
Email: Laura.Hedge@cao.hctx.net

**OF COUNSEL:**

VINCE RYAN
Harris County Attorney

KEITH A. TOLER
Assistant County Attorney
Texas Bar No. 24088541
Southern District of Texas No. 2599245

Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5265
Fax: (713) 755-8924
Email: Keith.Toler@cao.hctx.net

Attorneys for Defendant
Harris County, Texas


*/s/ Mary E. Baker*
**MARY E. BAKER**
Assistant County Attorney
**Attorney-in-Charge**
Texas Bar No. 08534000
Southern District of Texas No. 7647

Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5133
Fax: (713) 755-8924
Email: Mary.Baker@cao.hctx.net

**OF COUNSEL:**

VINCE RYAN
Harris County Attorney

Attorneys for Defendants
Harris County Sheriff's Office
Deputy David Gordan,
Detention Officer Alicia Scott,
Deputy Xavier Levingston,
Detention Officer Broderick Green,
Detention Officer Jesse Bell,
Detention Officer Morris Thomas, &
Detention Officer Adam Kneitz

# CERTIFICATE OF SERVICE

I certify that on June 15, 2018, I filed a true and correct copy of the foregoing motion on the Court's CM/ECF system, which will automatically serve a Notice of Electronic Filing on all parties' counsel.

**Plaintiffs' Counsel**
W. Mark Lanier
Lawrence P. Wilson
Benjamin T. Major
The Lanier Law Firm
6810 FM 1960 West
Houston, Texas 77069

Jeffrey S. Edwards
Scott Medlock
The Edwards Law Firm
1101 East 11th Street
Austin, Texas 78702

Roy W. Smith
Jonathan D. Goins
2616 South Loop West, Suite 670
Houston, Texas 77054

**Co-Defendants' Counsel**
Edward John Kroger
Colin Goodman
Kroger Burrus
3100 Weslayan, Suite 300
Houston, Texas 77027

/s/ Keith A. Toler
**Keith A. Toler**
Assistant County Attorney