IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASANDRA SALCIDO, *et al*, | § § | |
| Plaintiffs, | § § | CASE NO. 4:15-cv-02155 |
| vs. | § § | JURY DEMANDED |
| HARRIS COUNTY, *et al*, | § § | |
| Defendants. | § § | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT HARRIS COUNTY'S APPENDIX EXHIBITS 2 AND 3 AND PORTIONS OF EXHIBIT 7**

Defendants' response fails to justify the evidentiary admissibility of Kenneth Lucas's criminal history, which Defendants use only to demean his character and insinuate that Kenneth's conduct on February 17, 2014 was in conformity with his conduct on past occasions. As Plaintiffs explain in their motion, Kenneth's history is not relevant to the events surrounding and leading up to his death, or the actions of Defendant officers, who had no knowledge of Kenneth's history when they hogtied, suffocated, and killed him. In addition to being irrelevant, this evidence is highly prejudicial and distracts from the central issues in the case.

**I.    DEFENDANTS HAVE NO BASIS FOR INTRODUCING EVIDENCE OF KENNETH'S HISTORY.**

Defendants' recitation of Kenneth's history serves no purpose but to prejudice the fact finder and provoke tenuous inferences about Kenneth's character. Any probative value Defendants could conceivably extract from evidence of Kenneth's history is substantially outweighed by its undue prejudice to Plaintiffs. Raised for the first time in their response, Defendants' unfounded and highly misleading assumption that Kenneth's history makes it "less likely that he had lawful intent in resisting arrest" exemplifies why this evidence should be stricken. Doc. 195, p. 5. To the extent Kenneth's intent can be surmised from behavior that

occurred between 1995 and 2013, it is irrelevant to the parties' claims and defenses. Moreover, Defendants here have engaged in precisely the type of guesswork the Rules prohibit that is likely to prejudice Plaintiffs. Allowing Defendants to introduce "evidence of a violent disposition to prove that the person was the aggressor in an affray" can only serve to encourage bias and distract from the central questions in the case, and is intended to be excluded by the Rules of Evidence. FED. R. EVID. 404 (Notes of Advisory Committee on Proposed Rules).

Defendants claim that they introduced evidence of Kenneth's history to defend against Plaintiffs' allegations that Kenneth was nonviolent and did not fight with or threaten the Defendant officers. *See* Doc. 195, p. 1. This post-hoc rationalization finds no support in Defendants' summary judgment motions. The only time Defendants refer to Kenneth's history on summary judgment is as isolated data in the fact sections of their briefs to paint him as a bad man. *See* Doc. 145, p. 13; Doc. 152, p. 16. As Defendants aptly note, the entire incident in question is recorded on video, which obviates any need to introduce evidence that is both immaterial to the parties' claims and defenses and far more likely to distract than add probative value. *See* Doc. 145, pg. 20. If Kenneth threatened the officers as Defendants claim (though he did not), they need not look beyond the video to defend on this point. Even if Kenneth did threaten the Defendants on the video, any evidence of conduct that occurred years ago is cumulative and highly prejudicial.

In responding to Plaintiffs' motion, Defendant cites *Carson v. Polley*, 689 F.2d 562 (5th Cir. 1982) for the proposition that Kenneth's history is evidence of his intent to resist arrest by and assault the Defendant officers. Doc. 195, p. 4. This case is distinguishable. In *Carson*, the Fifth Circuit found a sheriff's performance evaluations were admissible as extrinsic evidence of one of the jailer defendant's intent to commit assault and battery on an inmate. *Id*. at 573. Unlike

here, the parties in *Carson* did not have video evidence available to them. Moreover, unlike here, a jailer's subjective mental state is relevant to the issue of excessive force.

**II.  CONCLUSION**

The Court should grant Plaintiffs' motion to strike Exhibits 2 and 3 and the relevant portions of Exhibit 7 from the record.

THE LANIER LAW FIRM, P.C.

By: /s/ Lawrence P. Wilson
W. MARK LANIER
State Bar No.: 11934600
S.D. Tex. No. 8461
wml@lanierlawfirm.com
Lawrence P. Wilson
State Bar No.: 21704100
S.D. Tex. No. 9217
larry.wilson@lanierlawfirm.com
Benjamin T. Major
State Bar No.: 24074639
S.D. Tex. No. 1503277
benjamin.major@lanierlawfirm.com
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Telecopier: (713) 659-2204
*Attorneys in Charge for Plaintiffs Denise Collins, Kenneth Lucas, and Casandra Salcido, as Next Friend of Minor Children K.L. and C.L.*

EDWARDS LAW

The Haehnel Building
1101 E. 11th Street
Austin, Texas 78702
Tel.     512-623-7727
Fax.    512-623-7729

By:    /s/ Jeff Edwards
JEFF EDWARDS
State Bar No. 24014406
jeff@edwards-law.com

SCOTT MEDLOCK
State Bar No. 24044783
scott@edwards-law.com

*Attorneys in Charge for Plaintiff Deidra McCarty, as Friend of Minor Children K.J.L. and T.J.L*

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018 a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on the following:

Roy W. Smith
roy.w.smith@live.com
Mickel Newton
mikenewtonjrlaw@aol.com
Attorneys at Law
2616 South Loop West, Suite 670
Houston, Texas 77054
(713) 759-9266
(713) 759-9412 – Fax
*Attorney in Charge for Plaintiff*
*Amber Lucas Individually and*
*In Her Capacity as*
*Representative of the Estate of*
*Kenneth Christopher Lucas,*
*Deceased.*

Edward J. Kroger
kroger@krogerlaw.com
Brian C. Campbell
campbell@krogerlaw.com
3100 Weslayan, Suite 300
Houston, Texas 77027
(713) 961-7952
(713) 961-7953 – Fax
*Attorneys for Defendants,*
*Laxman Sunder and Carrie O'Pry*

Vince Ryan
Harris County Attorney
Laura Beckman Hedge
Assistant County Attorney
laura.hedge@cao.hctx.net
Keith A. Toler
Assistant County Attorney
keith.toler@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5137
(713) 755-8924 – Fax
*Attorneys for Defendant,*
*Harris County*

Mary E. Baker
mary.baker@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5133
(713) 755-8924 – Fax
*Attorney for Defendants,*
*Deputy Alicia Scott and Deputy David Gordon*

F. Clinton Gambill, II
clinton.gambill@cao.hctx.net
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5136
(713) 755-8924 – Fax
*Attorney for Defendants,*
*Deputy Xavier Levingston, Officer Broderick Green, Officer Jesse Bell, Officer Morris Thomas, and Officer Adam Kneitz*

/s/ Jeff Edwards
Jeff Edwards